### W. H. McCANLESS *vs.* W. H. REYNOLDS.

In an action to recover possession of land, or other property, where both parties claim under the same person, one under an execution sale, and the other by deed made prior to said sale, it is competent, in order to establish the *bona fides* of the deed, to prove declarations of the vendor, m ide *ante litem motam* and before the contract of sale, admitting an indebtedness to the vendee.

[*Patton* v. *Dyke*, 11 Ired. 237 ; *Satterwhite* v. *Hicks*, Bus. 105 ; *Pearce* v. *Jenkins*, 10 Ired. 355, cited and approved.]

CIVIL ACTION tried before *Cannon, J.*, at a Special Term of STOKES Superior Court, February, 1872.

This action was to recover possession of a tract of land in Stokes County. The plaintiff claimed the land under a judgment and execution against Richard Cox, a Sheriff's sale and deed made in 1867.

Defendant claimed under the defendant in the execution, Richard Cox, by deed bearing date in 1866, and prior to the teste of the execution and sale by the sheriff to plaintiff.

There was no difficulty as to the identity of the land, or defendant's possession. Plaintiff introduced evidence to show that the purchase by the defendant was fraudulent and void as to creditors. Many witnesses were examined as to the point. Defendant in reply examined testimony to show the *bona fides* of his purchase, and among other things proposed to ask a witness this question. "Whether Cox did not confess, in 1861 or 1862, an indebtedness to defendant of some $900."

This question was objected to, and ruled out by the Court. Defendant excepted. There were other rulings of his Honor excepted to, but as this is the only one discussed by the Court it is unnecessary to state the exceptions. Under instructions from the Court to which no exceptions were taken, there was a verdict for the plaintiff. Judgment and appeal by the defendant.

*Phillips & Merrimon,* for the plaintiff.
*Smith & Strong,* for the defendants.

Boyden, J. In this case, numerous objections were taken to the ruling of his Honor, but as one objection disposes of the case in this Court, we deem it unnecessary to notice any of the remaining questions.

In this case both parties claimed under Richard Cox, the plaintiff under a sale by the sheriff under an execution; the defendant under a deed of bargain and sale, from said Cox, to defendant, made prior to the teste of the execution under which the plaintiff purchased; and one of the questions in the trial was, as to the *bona fides* of the sale to the defendant. To show the *bona fides* of the sale to the defendant, and that a full and fair price was paid for the land, the defendant proposed to prove, by a witness, a confession of Cox, under whom both parties claimed, made several years before the commencement of this suit, and before the sale by the sheriff and the purchase by the defendant, of an indebtedness to the defendant of some nine hundred dollars. To the reception of this evidence the plaintiff objected, and it was rejected by his Honor. In this there was error. *Patton* v. *Dyke* 11 Ire. 237, *Satterwhite* v. *Hicks*, Busbee, 105, and *Pearce* v. *Jenkins*, 10, Ire. 355, are full authorities for the defendant, to show that the evidence rejected ought to have been received. In the first case his Honor Judge Nash says: "The declaration of parties, made before the time of the sale, admitting that indebtedness to the plaintiff, being made *ante litem* and before any movement was made, or, as far as the case discloses, was thought of, towards the sale of the goods to the plaintiff, in a question impeaching the fairness of that transaction, was certainly evidence of the fact, it being against their interest, at the time it was made." In the case of *Satterwhite* v. *Hicks et. al.,* Judge Nash, then, Chief Justice says: "That hearsay is not admitted as evidence, is a rule as old as the common law.

To it however there are exceptions coeval with it. Among the modern exceptions to this rule, (says the Chief Justice) is that class of hearsay, admissible upon the sole ground that it proceeds from the person owning the property at the time, and would be evidence against him, if he were a party to the suit. His estate or interest in the property coming to another, by any kind of transfer, the successor is said to claim under the former owner, and whatever he may have said concerning his own rights, while owner, is' evidence against his successor. This rule applies equally to real and personal property, whether in possession or in action."

In this last case, the party to show the *bona fides*, and that he had paid a fair price, set up a large debt owing by the vendee, former owner of the property, to the defendant; and to rebut this evidence, the plaintiff was permitted to prove that the said vendee, before the sale, had said that he was not embarrassed, and did not owe more than $250. It follows from this authority, that if the plaintiff in that case could prove, that the vendee said he was not embarrassed and owed but $250, then in our case, the grantee could prove, that his grantor admitted that he owed the defendant some $900. But the case of *Pearce v. Jenkins* is still more to the point, as in that case the evidence admitted, and which this Court approved, was almost identical with that rejected in this case.

There is error.

Per Curiam.                               *Venire de novo.*