BENAJIAH TAYLOR and wife, MARY *v.* CHRISTOPHER J. DUD-LEY and others.

In an action, brought to subject certain lands (purchased by defendant,) to the operation of an alleged verbal trust, to set up which it is material that all of certain parties contributed to the payment of the debt charged upon the land, evidence tending to show that one of such parties paid nothing towards said debt, and claimed no interest in the land, is material and admissible, and that his Honor erred in excluding it on the trial below.

CIVIL ACTION, tried at the Special (January) Term, 1873, of the Superior Court of CRAVEN county, before his Honor, *Judge Watts.*

The facts of the case are fully set out in the opinion of the Chief Justice. Upon the trial in the Court below, his Honor delivered the following judgment:

"The Court doth declare, that on the — day of ——, a deed of mortgage was executed by Spicer Lane and wife, Ada, to

one Bishop E. Dudley, conveying the lands with others in controversy, to secure the said Dudley as surety for the said Spicer, on a note for $1,050, due one John T. Lane.

That thereafter, to wit; on the 21st of October, 1849, the said Spicer Lane and wife, Ada, and Bishop E. Dudley, jointly executed a deed to one Thompson G. Lane, the eldest son of the said Spicer and Ada, for all the lands covered by the previous mortgage, reciting the fact of the existence of such deed of mortgage, and that it had been agreed between the parties to adjust and settle said note due John T. Lane, then reduced to $950; that it appears from said deed to Thompson G. Lane, and the evidence on the trial, that the said deed was executed by the parties, as a security for the payment of the John T. Lane note.

That there was an agreement between Thompson G. Lane and his father Spicer, and his mother, Ada, the owner of the land when the said deed of 21st October, 1849, was executed to Thompson G. Lane, as a consideration and main inducement for making said deed, that the other children of Spicer Lane should all aid in paying off the said Lane debt, and that when said debt was paid, the lands should be held and owned by all the said children as their common home and property; that the said debt to Lane was paid off in the Spring of 1855; that the plaintiff, Mary Taylor, one of the daughters of said Spicer, contributed her part towards the payment of said note; and that on the 21st of August, 1858, the said Thompson G. Lane executed a deed of bargain and sale, for $2,300, for the land in controversy, and that the same was a full price. That it further appears, that the defendant purchased with notice of the trust attaching to the said land in controversy.

The Court doth further declare that the foregoing facts appeared on the trial and were so found by the jury.

The judgment of the Court is therefore this:

1. That the defendant is a trustee for the plaintiff, of said land covered by his deed of 21st August, 1858.

2. That he convey to the plaintiff, Mary Taylor, one half of said land in fee, by a deed subject to the approval of this Court.

3. That the Clerk ascertain the value of the rents and profits for the use of said land, from the 1st day of January, 1859, to the time of taking said account.

4. That the defendant do pay to the plaintiff, Mary, one half of the amount so ascertained by the Clerk, for the rents and profits."

From this judgment, the defendants appealed to this Court.

*Green*, for appellants, cited and commented on *Brown* and others v. *Carson's* Executors, Busb. Eq. 172 ; *Clement* v. *Clement*, 1 Jones Eq., 184 ; *Biggs* v. *Morris, ibid*, 193. As to competency of evidence, counsel cited *Reynolds* v. *Magness*, 2 Ire., 26 ; *Johnson* v. *Taylor*, 4 Dev., 355. A parol trust cannot arise unless there is an equity existing between the parties, at the time the deed was made. *Blount* v. *Carroway*, 67 N. C. Rep.

*Haughton*, with whom was *Battle & Son*, for plaintiffs, submitted :

That the acts and declarations of a grantor, *after* the conveyance, are not to be received to impeach the grant. But his acts and declarations, before or after, characterizing his possession are evidence. *Askew* v. *Reynolds*, 1 Dev. & Bat., 370 ; *Hall* v. *Gully*, 3 Min. 151 ; *McCanless* v. *Reynolds*, 67 N. C. Rep., 268. Also cited and relied on *Kemp* v. *Earp*, 7 Ired. Eq., 166 ; *Moore* v. *Joy*, 8 Ired. Eq. 197 ; *Blount* v. *Carroway*, N. C. Rep., 400 ; 2 Story's Eq. Pl., sec. 1,200, p. 443.

PEARSON, C. J. The object of the action is to follow the land sued for, and to subject it, in the hands of defendant Dudley to a trust, to which it is alleged a larger parcel of land of which this is a part, was subject in the hands of Thompson Lane, for the benefit of his brothers and sisters and himself to be equally divided among them ; of which trust, the defendant,

Dudley, as is alleged, had notice at the time he took a conveyance of the part in controversy, from said Thompson.

It is set out in the complaint, that one Spicer Lane (who was the father of the plaintiff Mary) being indebted to one John Lane, executed to them a note with one Bishop Dudley as security for the sum of $1,050, and to indemnify the said Bishop Dudley, Spicer Lane and his wife, Ada, executed to him a mortgage for the land of said Ada, containing about 1,180 acres; that Spicer Lane paid $100 on the debt, and afterwards it was agreed, as a family arrangement, that the said Spicer and his wife should convey their equity of redemption in the land to Thompson Lane, who was their oldest son, and should procure the said Bishop Dudley also to convey to the said Thompson the legal estate which he held as mortgage, so as to vest the whole estate in him, subject to the charge of the balance of the debt for which said Bishop Dudley was security, which was to be discharged by the efforts of said Thompson and the other children, and he was to hold the land for the benefit of all, as trustee.

This declaration of trust was not in writing, and the plaintiffs attempted to set it up by proof of parol admissions of said Thompson, and the facts and circumstances *dehors* these admissions.

4. " That in pursuance of said agreement and understanding, the other children of said Spicer and Ada, to wit: the plaintiff, Mary, her sister Jane, and her brothers Daniel, Mason and Wiley, by their work and labor in teaching school and labor on said lands, contributed their full share and proportion in the payment of said debt, and they, with said Thompson, discharged the same, which was finally done on the —— day of ——. The said Thompson only having paid his part, to wit: one-sixth of the debt."

The complaint then alleges a joint possession by the members of the family, &c., and that Thompson had, in 1858, sold 460 acres of the land in violation of the trust, to the defendant Dudley for $2,300 ; *that he had notice of the trust*, and de-

mands judgment for one half of the 460 acres; her brothers, Mason and Wiley, having died intestate and without issue, and Daniel having conveyed, for a valuable consideration, all of his interest in the entire body of land to the plaintiff Mary, whereby she is entitled to one half. · The children of her sister, Jane Wilcox, who are made defendants, to one fourth, and the defendant, Dudley, and the heirs of Thompson Lane to the other fourth ·

There is an omission in not making the heirs of Thompson Lane parties. The effect of which omission will be noticed in another view of the case.

On the trial the defendants offered to prove by Daniel Lane, a son of Spicer and Ada Lane, the facts and circumstances under which the deed from him to Mary Taylor was executed,· that he received no consideration therefor. Defendants also offered to prove by Daniel Lane that he claimed no interest in the land, and that he had never contributed anything towards the payment of the mortgage debt. This evidence was objected to by the plaintiffs, and was excluded by the Court. Plaintiffs excepted.

On the argument, the counsel of the plaintiffs stated, this evidence was objected to and excluded on the ground 'that it was irrelevant and immaterial. It is true the deed from Daniel Lane to the plaintiff, Mary, was valid, without a consideration, so in that point of view, the evidence in respect to the fact, whether there was or was not a consideration, was immaterial and irrelevant; but it is relevant and has much significance in another point of view. The complaint alleges that all of the children, including Daniel, had contributed their full shares towards the discharge of the mortgage debt, and that Daniel had executed a deed to the plaintiff, Mary, for his share, for a valuable consideration ; so, this evidence was material and relevant, as directly contradicting a most material allegation of the complaint as a fact to aid the alleged verbal admissions of Thompson Lane in regard to the existence of a trust in favor of all of the children, to wit; that they had contributed their

shares to the discharge of the incumbrance on the land. For it tended to show that Daniel, who was one of them, had contributed nothing, set up no claim to the land, and had made his sister a deed of gift for any claim she could set up in his name.

For the exclusion of this evidence there must be a *venire de novo.*

This Court is always reluctant to set aside what has been done in the Court below, and award a *venire de novo* upon a question of evidence, without deciding the merits of the case; but in this instance we feel less reluctance than we otherwise would, for although we incline to the opinion that there is no error in his Honor's charge in respect to the alleged trust, or his ruling that there was *some evidence* fit to be submitted to the jury, on the question of notice to the defendant, Dudley, still, in considering the *judgment* entered by his Honor, we find we should have been under the necessity of remanding the case, because the pleadings are defective. Material facts are not alleged or found, and the personal representative and the heirs of Thompson Lane, who is charged with a breach of trust, and through whom the plaintiff seeks to work out an equity, to follow the land in the hands of the defendant, Dudley, are necessary parties. So, it is manifest, that no final judgment can be entered, and the equities of the parties adjusted. For, supposing a trust to be established in favor of all the children of Spicer and Ada Lane, and supposing notice of this trust to be fixed on the defendant, Dudley; still, a reference is necessary after all proper parties are before the Court, in order to determine the rights of the parties. If the plaintiff, Mary, contributed her share towards discharging the incumbrance of the mortgage debt, then, as she claims to have succeeded to the share of Daniel Lane, she takes his share, subject to a charge for his ratable contribution; so, in regard to Mason and Wiley, her two deceased brothers, under whom she claims, as heir, she is to see that their ratable contributions have been paid and takes subject to this equity, and when " the assets are

marshalled," the defendant, Dudley, a purchaser of a part of the land, has a clear equity to be substituted to the rights of Thompson Lane, so as to put the burden upon the other part of the land, of which, in the judgment rendered, no notice is taken.

There is error.

This opinion will be certified to the end that proper parties may be made, and if a trust is declared and notice is fixed on defendant Dudley that a reference may be made in order to enable the Court to adjust the equities of the parties.

PER CURIAM.                                    *Venire de novo.*