BIZZELL JOHNSON and others *v*. WALTER R. BELL

The Supreme Court has jurisdiction to review, upon appeal, the decision of the court below, granting, or refusing to grant, a new trial, where a matter of law of legal inference is involved; and where it appears from the record, that the court has committed no error in charging the jury, but has laid down the law of the case plainly, fairly and correctly, this court will reverse the judgment of the court below, granting a new trial, upon the ground that the judge thereof conceived that he had misdirected the jury.

It is not error for a Judge of the Superior Court to refuse to instruct the jury as asked by one of the parties in the cause, when such instruc tion is based upon a hypothetical state of facts, not alleged in the pleadings, or even appearing in the evidence.

(*Moore* v. *Edmiston*, 70 N. C. Rep. 471, cited and approved.)

CIVIL ACTION for the recovery of money only, tried before *Kerr, J.*, at Spring Term, 1875, of the Superior Court of DUPLIN county.

There was a verdict in favor of the plaintiff, and the defendant moved for a new trial. Motion allowed and the plaintiffs appealed.

The other facts necessary to an understanding of the points raised and as decided, are sufficiently stated in the opinion of the court.

*Stallings, Battle, Battle & Mordecai*, for the appellants.
*Smith & Strong* and *W. S. & D. J. Devane*, contra.

BYNUM, J. The plaintiffs alleged in their complaint and testified on the trial, that the defendant held a judgment on Eli Hines, which the defendant transferred to one Woodward with his, the defendant's guaranty thereon to make such judgment good to him, in case he, Woodward failed to collect it; and that he assigned, for value, the said judgment, guaranty and undertaking, to the plaintiffs.

The defendant in his answer alleged that he only guaranteed the legal liability of the Hines' and not their solvency, and he testified to that effect. Upon this evidence his Honor charged the jury " that the matter for their determination was whether the defendant agreed with Woodward, to make good the said judgment and guaranty, when he transferred them to Woodward, and that if they found that in fact the defendant did so agree, they would find for the plaintiffs."

The defendant's counsel asked the court to instruct the jury, "that the plaintiffs took the said judgment and guaranty, with the defendant's undertaking to make them good, (in case they found such undertaking,) subject to the counter-claim of defendant against Woodward, and that they should give the defendant the benefit of such counter-claim against the plaintiffs in this action." His Honor refused this instruction, and said that the defendant could not take advantage of such counter-claim in this action. There was a verdict for the plaintiffs, and a rule was taken by the defendant for a new trial, on the ground of misdirection of the jury by the court. The rule was made absolute, and the plaintiffs appealed.

The pleadings show that no counter-claim was alleged or set up in the answer, either against Woodward or the plaintiffs, nor does the evidence set out in the case, disclose any such defense. But to avail himself of it, the new matter constituting a defense or counter-claim, must be set up in the answer. Bat. Rev. chap. 17, secs. 100 and 101. The Judge, therefore, was not in error in refusing the instruction asked for, as it was based upon a hypothetical and not an actual state of facts alleged in the answer, or even appearing in the evidence. So also, his instruction to the jury was correct; to-wit, that the matter for their determination was whether the defendant agreed with Woodward to make good the said judgment and guaranty, when he transferred them to Woodward; and that if they found that the defendant did so agree, they should find for the plaintiffs. That was the very matter in

issue, and upon which conflicting evidence had been given. The charge was clear, concise and to the very point. It not only does not appear that his Honor erred, but it appears affirmatively that the instruction was in all things correct upon the issue which was being tried.

The question, therefore is, whether, when the Judge has committed no error in his instructions to the jury, but has laid down the law of the case plainly, fairly and correctly, he can afterwards set aside the verdict and grant a new trial upon the ground, that he conceived that he had misdirected them upon the law, and thus deprive the plaintiffs of an advantage they had gained in the regular and due administration of justice. This involves a construction of Bat. Rev., chap. 17, sec. 299. The whole section is as follows:

"An appeal may be taken from every judicial order, or determination of a Judge of a Superior Court, upon or involving a matter of law or legal inference, whether made in or out of term, which affects a substantial right claimed in any action or proceeding ; or which, in effect, determines the action and presents a judgment from which an appeal might be taken, or discontinues the action, or *grants or refuses a new trial.*"

The right of appeal is thus expressly given whenever a matter of law or legal inference is involved in the grant or refusal of a new trial. It is error to misdirect the jury in the law, and the misdirection entitles the injured party to a new trial in the appellate court. So the statute was intended to, and does equally protect the party, where he has gained a verdict by the right application of the law, but is afterwards deprived of it by the action of the court in undoing, through a misconception of the law, that which has been thus rightfully done. In *Moore* v, *Edmiston*, 20 N. C., 471, where this court sustained the Judge in setting aside the verdict and granting a new trial, because, in that case, it was a matter of discretion, from the exercise of which no appeal lay, it is said : "To

give the parties the full benefit of this section of the Code, the courts should, and no doubt will, on exceptions taken by the parties aggrieved, put upon the record the matters inducing the order granting as well as refusing a new trial. The appellate court can thus see whether the order presents a matter of law, which is the subject of review, or matter of discretion, which is not. In this way only can the full benefit of that provision of the Code be secured to suitors." No difficulty of that sort arises here. The pleadings and evidence, the instructions refused and those given, are set forth. From these, it sufficiently appears that the court set aside the verdict because of error in refusing the instructions asked for by the defendant. We have seen that the Judge was correct, both in the instructions given and as to those refused. It was error in law to set aside the verdict for misdirection.

By the appeal, the whole case is before this court, and it is our duty to render here such judgment upon the verdict as should have been given in the court below.

Judgment reversed, and judgment here according to the verdict of the jury.

PER CURIAM.                    Judgment reversed.