## I. G. TROTTER v. COMMISSIONERS OF SWAIN COUNTY.

*Counties and County Commissioners—Contract—Counter-claim—Misconduct in Office.*

1. Orders upon the county treasurer were issued to the jailer to pay for provisions furnished prisoners in jail, and assigned by him to the plaintiff. Afterwards the commissioners passed a resolution forbidding payment by the treasurer upon the ground of official misconduct in the jailer in setting the prisoners free without requiring them to pay costs for which they had been committed, thereby causing loss to the county; *Held,* that the acts imputed to the plaintiff's assignor do not constitute a bar to an action to recover the amount of the orders.

2. The malfeasance charged is a tort, and is separate and distinct from the contract out of which the cause of action arose, and therefore cannot be recognized as a counter-claim.

  (*Johnson v. Bell,* 74 N. C., 355, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of SWAIN Superior Court, before *Avery, J.*

The defendants appealed from the judgment of the court below.

No counsel for plaintiff.
Messrs. *Wiley W. Wilson* and *W. S. Mason,* for defendants.

SMITH, C. J.   The plaintiff as assignee of W. A. McConnell, jailer, sues to recover the moneys due for board and provisions supplied to prisoners committed to the county prison, for all of which (except a small sum contested only, as are the other claims) orders were issued by direction of the county commissioners upon the treasurer, the sheriff then discharging the duties of that office, and delivered to the assignor. After the transfer to the plaintiff and whilst the claims were held by him, the commissioners passed a resolution forbidding the payment by the treasurer, assigning as a reason for the action that information had come to them since the order for the issue, and not possessed before, of acts of official misconduct in setting prisoners free who had not paid the costs for which they had been committed, and that thereby damages and loss had accrued to the county.

The court refused to recognize the defence and submitted only two issues to the jury, to-wit:

1. Have the defendants paid the orders sued on?

2. Did the plaintiff's assignor furnish board to prisoners of the value of the additional sum claimed in the complaint?

The jury answered in the negative to the first, and in the affirmative to the second enquiry, and judgment being rendered for the plaintiff, the defendants appealed.

The answer in a series of allegations of the unlawful liberation from confinement of several prisoners by the act of the jailer in whose custody they had been placed, without the payment of the costs for which they had respectively been committed, presents this as a defence to the action and to defeat the recovery of any part of the demand.   It is not offered as a

counter-claim to be ascertained and applied in extinguishing or reducing the sum claimed by the plaintiff, as it should be if so intended (*Johnson* v. *Bell*, 74 N. C., 355), and if it had been offered as such, it is not such a counter-claim as is recognized in the Code of Criminal Procedure, §101. It is not a cause of action, recoupment or equity arising out of the several contracts or transactions set forth in the complaint, "as the foundation of the plaintiff's claim, or connected with the subject of the action," for the assignor's imputed official misconduct is a matter altogether distinct and separate from his right to require payment of supplies furnished to prisoners on behalf of the county. Nor is this a claim arising out of a contract within the meaning of the second clause of the section. The malfeasance charged is a tort in contradistinction to a contract out of which a cause of action springs. To assume the act to be a breach of contract upon the theory that every person entering into office, in undertaking its duties and responsibilities, promises to perform them with fidelity and to omit none, is to confound the distinction between actions *ex delicto* and *ex contractu*, that is, between wrongs committed and contracts broken.

The statute does not admit of a construction that converts every wrongful official act into a breach of contract, upon the assumption that the incumbent promised not to do any wrongful act nor to omit any imposed duty; for if so, there can scarcely be any tort that does not involve the violation of a contract. The discharge of the prisoners may be, and without legal excuse is, a tort, the redress for which must be sought in damages commensurate with the consequent injury.

But the defendants insist that they owe and should pay nothing for these supplies, irrespective of the loss thereby falling on the county, and whether that loss is equal to the claim or not. In this view the defence cannot be sustained. Suppose an act of negligence or positive wrong is excusable in law, and productive of inconsiderable though some loss to the county, is his just demand for goods supplied, however large in amount, forfeited and

lost? Where full compensation can be obtained for the wrong is it to swell into such proportions as to wipe out the large indebtedness due? Is every act of official delinquency to absorb and destroy the whole claim?

The statement of such a proposition contains its own refutation; and these, its possible consequences, show its unsoundness. If it would not apply in the case supposed, it would apply in none, and such we take to be the true principle.

We concur with His Honor, that the acts imputed to the assignor do not, if true, bar the action, and hence were not pertinent to the issues involved in the action. There is no error, and the judgment must be affirmed.

No error. Affirmed.