G. E. THOMAS and others v. T. H. B. MYERS and others.

*Practice—New Trial.*

An order granting or refusing a motion for a new trial will not be disturbed by this court, in a case where the determination of a question of law is not involved.

(*Bank* v. *Hunter*, 1 Dev., 100; *Lindsey* v. *Lee*, *Ib.*, 464; *State* v. *Miller*, 1 Dev. & Bat., 500; *Moore* v. *Edmiston*, 70 N. C., 471; *Bryan* v. *Heck*, 67 N. C., 322; *Quincey* v. *Perkins*, 76 N. C., 295; *Long* v. *Gooch*, 86 N. C., 709, cited and approved.)

---

THOMAS *v.* MYERS.

---

CIVIL ACTION tried at Spring Term, 1882, of BEAUFORT Superior Court, before *McKoy, J.*

The defendants offered in evidence, on the trial of the issues before the jury, a written acknowledgment purporting to come from one of the assignors of the plaintiff, and bearing the signature of the firm of which he was then a member, of the receipt of the defendants' note for $650, due at six months on account; and underneath, upon the same page and of the same date and bearing the firm name, was an explanatory memorandum, addressed to the defendants, stating that in case the sale of the Taylor Gin should be insufficient to cover the above amount, a remittance would be made to meet the deficiency, and in time to take up the note.

These papers bear date June 17th, 1872. Upon previous trials the entire paper had been, introduced by the defendants and read in evidence. At the last trial the defendant, T. H. B. Myers, examined on his own behalf to prove the execution of both writings, and after a close inspection, testified that they were not both in the same handwriting, and the explanatory memorandum was ruled out, and the plaintiffs had a verdict for a part of their demand.

The defendants thereupon moved for a new trial, and in support thereof, the affidavit of said Myers was submitted, wherein he says that for the first time when giving in his testimony he discovered the difference in the handwriting, and that in his opinion each was written by a member of the firm, though not by the same person, and he expects to be able to show the fact at the next term.

The court being of opinion that the defendants were surprised and the verdict, if allowed to stand, "would work injustice" to the defendants, "in its discretion" ordered the verdict and judgment to be set aside and a new trial awarded. From this ruling the plaintiffs appeal.

*Mr. Geo. H. Brown, Jr.,* for plaintiffs.
*Mr. W. B. Rodman,* for defendants.

SMITH, C. J. The numerous adjudications heretofore made, that this court will not revise and reverse the exercise of a power committed to the discretion of the judge of the superior court, would seem to render superfluous any discussion or reference to precedents, and the granting or refusing a motion for a new trial, not involving the determination of a question of law, it is well settled, belongs to this class and is not subject to review on appeal.

" The new trials which have been awarded here," is the language of HENDERSON, J., in *Bank* v. *Hunter,* 1 Dev., 100, " were in cases where there was some error which infected the verdict, such as the admission or rejection of evidence, which ought to have been received or rejected, or some misdirection of the judge to the jury, on questions of law arising on the trial, or the like."

In answer to an argument for the revisal of a judgment, on the ground of *surprise,* the same judge declares that " it is matter addressed to the discretion of the judge below, over which we have no control." *Lindsey* v. *Lee, Ib.,* 464.

So GASTON, J., declares in *State* v. *Miller,* 1 Dev. & Bat., 500 : " There is a marked distinction between the awarding of a new *venire* because of the verdict being thus declared bad, and the setting of a verdict aside and granting of a new trial. The former must be for matters apparent only on the record, and is of right ; the other may be for matters not appearing on the record, and is addressed to the discretion of the court. The former is matter of error, and must be noticed by the appellate court ; the latter is ordinarily not matter of error, nor elsewhere examinable."

The distinction is noted in *Moore* v. *Edmiston,* 70 N. C., 471, and other cases.

It is true an appeal lies under C. C. P., § 299, from the

granting or refusing a new trial and the ruling will be revised, but it is allowed only when the action of the court is one "involving a matter of law and legal inference," and not the exercise of a discretionary power.

In accordance with this section, this court in *Bryan* v. *Heck,* 67 N. C., 322, entertained an appeal of the plaintiff from an order setting aside the verdict and vacating the judgment, on the ground of the erroneous ruling of the judge that the plaintiff was only entitled to nominal damages, while the jury had assessed substantial damages, such as he was entitled to recover, and the order was reversed. See also *Quincey* v. *Perkins,* 76 N. C., 295; *Long* v. *Gooch,* 86 N. C., 709.

The court in the present case, while reporting the evidence, declares the case to be one of surprise, injurious to the defendants, and awards a new trial as, in its judgment, under the circumstances, due to the defendants. It will not therefore be disturbed, and the appeal must be dismissed.

PER CURIAM.                    Appeal dismissed.