### JOHN CARSON v. WILLIAM DELLINGER.

*New Trial—Discretionary Power—Newly-discovered Evidence.*

1. An application for a new trial, except for error of law in its conduct, is addressed solely to the discretion of the presiding judge, whose decision is not reviewable on appeal; *Therefore,* where a party moved for a new trial upon the ground that he had found a witness whose testimony was material to his case, and stating in his affidavit how he came into possession of the name of the witness, &c.; *Held,* that the judge's refusal of the motion was conclusive.

2. *Held further:* The granting a new trial for newly-discovered evidence and for matter occurring since the trial, where the application is made to this court, is a matter of sound discretion, in the exercise of which the court will be governed by the peculiar circumstances of the case.

(*Moore* v. *Edmiston,* 70 N. C., 471; *Thomas* v. *Myers,* 87 N. C., 31; *Pain* v. *Pain,* 80 N. C., 322; *Dalton* v. *Webster,* 82 N. C., 279; *Vest* v. *Cooper,* 68 N. C., 131; *Bledsoe* v. *Nixon,* 69 N. C., 81; *Henry* v. *Smith,* 78 N. C., 27; *Horne* v. *Horne,* 75 N. C., 101; *Powell* v. *Watson,* 6 Ired. Eq., 94; *Houston* v. *Smith,* *Ib.,* 264; *Dyche* v. *Patton,* 8 Ired. Eq., 295, and 3 Jones Eq., 332; *Holmes* v. *Godwin,* 69 N. C., 467; *Bank* v. *Tiddy,* 67 N. C., 169; *Moore* v. *Dickson,* 74 N. C., 423; *State* v. *Lindsey,* 78 N. C., 499, cited, commented on and approved).

EJECTMENT tried at Fall Term, 1882, of McDOWELL Superior Court, before *Avery, J.*

The defendant appealed.

*Messrs. Reade, Busbee & Busbee,* for plaintiff.

*Messrs. Sinclair & Sinclair* and *J. B. Batchelor,* for defendant.

SMITH, C. J.  The controversy in this action, upon the only issue submitted to and passed on by the jury, was to the proper position of the boundary lines of the one hundred acre grant issued to one Lewis Clark, of which the defendant is in possession of the part claimed by the plaintiff under a grant of earlier date to John Carson and subsequent conveyances reaching to himself.  The defendant claimed the interference by virtue of an adversary continuous occupation for over forty years by those who preceded, and himself under color of title by deeds whose lines were dependent on and fixed by the location of those called for in the grant to Clark.  These boundaries the defendant was unable to establish in consequence of the clearings by which all natural objects had been removed, and a verdict was found for the plaintiff, declaring him to be the owner in fee simple of the land described in the complaint.

Afterwards and during the term the defendant moved for a new trial, upon the ground that he had since found a witness whom he had seen at his residence in another county some seventy miles distant and conversed with on the subject, by whose testimony he would be able to locate the corners and lines of the Clark grant at the places contended for on the trial. In support of the application, his own affidavit, set out in full in the transcript, was read, explaining how he came into possession of the name of the witness; his repeated and unsuccessful previous efforts to obtain the needed evidence; the opportunities and means of knowledge possessed by the witness, and other matters in excuse which it is not necessary to further recite.

The court declined to interfere with the verdict and entered up judgment for the plaintiff, from which the defendant appeals.

The only question presented is whether the refusal of his application is a ruling erroneous in law and reviewable in this court.

However strongly the recitals in the affidavit, assuming them to be true, may appeal to the presiding judge for his interposition in the exercise of the power confided to him in administer-

ing the law, and to give to the defendant an opportunity to make use of the testimony of the newly found witness before another jury, it is a matter of discretion reposed in him which we have neither the right nor disposition to supervise or control. Considerations of the kind are addressed to his judgment, founded upon full knowledge of all that transpired at the hearing before the jury; and his decision granting or refusing the application is, and ought to be, final and conclusive.

The defendant's counsel attempts to withdraw the present application from the admitted general rule and distinguish it, as governed by fixed and well established principles of law, and insists that when the required conditions are met, the denial is of a legal right in the applicant and constitutes an error in law which may be revised and remedied by appeal.

In our examination of the authorities we do not find this distinction recognized, nor a motion on the ground of testimony recently found put upon a different footing with a motion to set aside a verdict and grant a new trial for any other assigned reason, not involving an error of law committed during its progress, the sufficiency of which the judge himself determines.

The jurisdiction conferred upon this court by the constitution, article four, section eight, aside from the enlargement made in the late amendment which has no application to the case, is "to review upon appeal every decision of the courts below upon every matter of law or legal inference," and we can revise and correct erroneous rulings in matters of law arising out of ascertained facts, and not the exercise of a discretionary power. There are no facts found before us upon which the action of the judge, the subject of complaint, is predicated, so that, if it were the subject matter of appeal, we could decide upon its correctness. The affidavits which furnish the evidence of the assumed facts and which may be sufficient to warrant a finding, do not authorize this court to proceed upon them as *established*, in order to review the ruling. This alone is an adequate reason for refusing to entertain the appeal.

CARSON v. DELLINGER.

We propose, in illustration of this principle, to refer to some of our own adjudications, from which it will be seen that, upon whatever grounds based, the application for a new trial, except for error of law in its conduct, is addressed solely to the discretion of the trying judge and must abide the result of his opinion.

"By C. C. P., §299," remarks BYNUM, J., "an appeal is allowed as well from an order granting as refusing a new trial, but in either case the matter appealed from must be of law or legal reference. * * * To give parties the benefit of the above section of the Code, the courts should, and no doubt will, on exceptions taken by the party aggrieved, put upon the record the matters inducing the order granting as well as refusing a new trial. The appellate court can thus see whether the order presents a matter of law which is the subject of review, or matter of discretion which is not. In this way only, it is conceived, can the full benefit of that provision of the Code be secured to suitors. *Moore* v. *Edmiston*, 70 N. C., 471; *Thomas* v. *Myers*, 87 N. C., 31.

In *Pain* v. *Pain*, 80 N. C., 322, in answer to an exception to the refusal of the judge to re-open the case and hear further testimony, the court declare: "We cannot review the exercise of this discretion. The point was for him and not for us to determine, and his action is conclusive."

So where the judge overruled a motion to set aside the judgment and grant a new trial, ASHE, J., says: "It is a pure matter of discretion with His Honor from which no appeal lies. *Dalton* v. *Webster*, 82 N. C., 279."

The principle enunciated in the opinion of READE, J., in *Vest* v. *Cooper*, 68 N. C., 131, in its application to the facts in the present case, is decisive of it. Upon the report of a referee coming in, the defendant moved to refer the matter back with instructions to re-open the account and hear *newly discovered evidence,* and the motion was allowed. The court say in reply to an objection to this ruling, that "it is as well settled as anything in the practice that the judge who tries the cause may set aside a verdict

and grant a new trial for *newly discovered evidence*, or because the verdict is against the weight of the evidence, or because the damages are excessive, &c. And the same is true in regard to a report which is in the nature of a verdict. And this is done in the exercise of his *discretion*, from which no appeal lies. * * * There seems to be an impression that there may be an appeal from every motion for a new trial, and the fact is overlooked that it must 'involve a matter of law or legal inference,' and not a mere matter of discretion. This will illustrate: 'plaintiff recovers of the defendant $1,000. Defendant files an affidavit that since the trial he has discovered that he can prove the debt has been paid. His Honor says: I believe your affidavit and grant a new trial; or, I do not believe it, and I refuse a new trial. This is a matter of discretion, and no appeal lies.'"

The same view is taken as to the character of an application made originally to this court for its exercise of the same power, which was entertained in *Bledsoe* v. *Nixon*, 69 N. C., 81; *Henry* v. *Smith*, 78 N. C., 27; *Horne* v. *Horne*, 75 N. C., 181. In the last case the court declare that "the allowance of the motion to vacate the judgment and grant a new trial for *newly discovered evidence* and for matter occurring since the trial, under the supervisory power and equitable jurisdiction of this court, is a *matter of sound discretion, in the exercise of which the court will be governed by the peculiar circumstances of each case.*"

When the interposition of a court of equity was invoked under our former system, after the control of a court of law over its judgments was lost by the expiration of the term, and to provide for which, under restrictions, that power was prolonged for a year by section 133 of the Code of Civil Procedure, it was afforded with reluctance and in a narrow range of cases, as in case of fraud (*Powell* v. *Watson*, 6 Ired. Eq., 94), or where the new evidence is such as in effect to destroy the adversary proof (*Houston* v. *Smith*, *Ib.*, 264), or where a false witness, known to be such by the party for whom he testifies, without means of contradiction at the trial, and the witness has been

prosecuted for perjury or has escaped beyond the process of law. *Dyche* v. *Patton,* 8 Ired. Eq., 295, and S. C., 3 Jones Eq., 332.

The rulings indicate the great reluctance with which the courts of equity interposed to take from a successful litigant the fruits of his recovery at law, and to exercise its coercive power over his person, and that it was only done in cases of manifest injustice and wrong, and where there was no other relief attainable.

The appellant, however, relies in his brief upon what is said by RODMAN, J., in *Holmes* v. *Godwin,* 69 N. C., 467, upon an application made on similar grounds and denied by the court: " We are of opinion that the granting of a new trial for such a cause necessarily, always, or nearly always, must be within the discretion of the presiding judge, and that his *decision can never, or very rarely,* in such a case, be on a naked matter of law or legal inference, *so as to authorize an appeal.*"

Then, after pointing out the several conditions requisite to sustain the motion, to-wit: 1. That the witness will give the newly discovered evidence. 2. That it is probably true. 3. That it is material. 4. That due diligence was used in securing it, he adds: " It is perhaps *possible* to imagine a case in which all these considerations might be conceded for the party, and the refusal of a judge in *such* case (the italics are his) would make a question of law. But it is scarcely possible to conceive of a refusal by a judge in exactly such a case."

In this case a counter-affidavit was offered, and as of course the judge was required to consider the opposing proofs and determine the facts established. Clearly this was not reviewable on appeal. The general proposition is in full accord with the rule that commits to the discretion of the judge the solution of the question as to the award of another trial, and the intimation that the discretion may be so grossly abused as to be subject to correction is but another instance of the extreme caution with which the judge lays down a general rule. In a similar manner he expresses himself in reference to an appellate revision of an order of continuance, saying, " if in any case we had the right

to revise his discretion, it must certainly be one of plain and palpable error to justify us in undertaking to do so." *Bank v. Tiddy,* 67 N. C., 169. Similar intimations find expression in *Moore* v. *Dickson,* 74 N. C., 423, and *State* v. *Lindsey,* 78 N. C., 499.

It is enough to say that no such case has yet occurred, and until it does, and the hand of a corrective court is applied, we prefer to abide by the general rule, which leaves all such matters to the disposal of the presiding judge, who is much more competent to administer justice between the parties, possessed as he is, and we are not, of all the facts and circumstances upon which he is to act.

For the reasons stated we must affirm the judgment.

No error.                                                    Affirmed.