A. E. BRAID v. R. LUKINS, Jr., and W. E. LUKINS, trading as LUKINS
                              & CO.

## *Appeal.*

1. An appeal from an order granting or refusing a new trial, only lies from some
   order or judgment involving a matter of law or legal inference; that is, the
   order or judgment must be one that involves the question, whether or not a
   party to the action is entitled to a new trial as of right, and as a matter of law.
2. Where an appeal is taken from such an order, the facts and considerations which
   induced the trial Judge to grant or refuse a new trial, should be stated on the
   record, in order that the appellate Court may see that the judgment is subject
   to review.
3. Where the record only shows that the trial Judge set the verdict aside, and
   granted a new trial, without specifying the facts or reasons which induced
   him to do so, and these do not appear, with certainty, in the record, it will be
   presumed that the new trial was granted in the exercise of the discretionary
   powers vested in the trial Judge, and the appeal will be dismissed.

(*Vest* v. *Cooper*, 68 N. C., 131; *Moore* v. *Edmiston*, 70 N. C., 471, cited and approved).

CIVIL ACTION, tried before *Shipp, Judge*, and a jury, at Fall
Term, 1886, of PASQUOTANK Superior Court.

At June Term, 1886, a judgment by default and inquiry was
entered, and at the next subsequent term, the Court proceeded to
execute the inquiry, and submitted to the jury the following
issues:

1. "What amount is due to plaintiff for placing defendants'
lumber on vessel "Mogee" at Elizabeth City? Answer: $36.

2. What was the value of the lumber delivered by plaintiff
to defendants in Philadelphia in 1884? Answer: We, the jury,
decide that the plaintiff is entitled to $8 per thousand, net, and
interest from sale at 6 per cent., 46,571 feet.

Thereupon the plaintiff moved for judgment of $451, which
was refused, and plaintiff excepted. Defendants moved to set
aside the verdict, because it was irregular. Plaintiff objected,
and offered to release all interest, and asked for judgment for
$408.56; to-wit.: $8 per thousand for 46,571 feet and $36.

The Court refused judgment, and plaintiff excepted. The Court set aside the verdict and granted a new trial. The plaintiff excepted, and appealed to this Court.

*Mr. E. F. Aydlett,* for the plaintiff.
No counsel for the defendants.

Merrimon, J. (after stating the facts). The statute (The Code, §548), among other things, provides that "An appeal may be taken from every judicial order or determination of a Judge of a Superior Court, upon or involving a matter of law or legal inference  *  *  *  *  *, which grants or refuses a new trial."

It will be observed, that the judicial order or determination granting or refusing a new trial that may be appealed from, must be *upon or involve a matter of law or legal inference*—that is, the order or judgment must be one that involves and raises the question, whether or not, in law, and as of right, a party to the action or proceeding is entitled to a new trial ?   For example, if a party to the action, pending the trial, entertained and fed the jury while they were considering of their verdict, which they afterwards rendered in his favor, and the Court, upon motion of the opposite party for a new trial for that cause, made an order refusing to grant the motion :  In that case, an appeal to this Court would lie, because such decision would involve a question of law as to the legal validity of the verdict.   Or, if the jury rendered a verdict in an action, and for some consideration, the Court decided that it was void, and therefore entered an order directing a new trial—in that case, an appeal would lie, because the decision involved the question of law, was the verdict void ?  Or, if in an action, a party should make his motion for a new trial, and the Court should make an order refusing to grant it, upon the ground that he had no power to do so, the party making the motion might appeal, because the order involved the question of law, had the Court power to grant the motion ?  Or, if in the course of the trial, the Court should decide some question of

law arising, and after verdict should be of opinion it had erred, and for that reason should set the verdict aside and grant a new trial, in that case an appeal would lie.

In such and like cases, the Court could review the decisions of the Superior Court, and correct its errors of law. In all such cases, the Court should state upon the record the facts and considerations that induced it to make the order granting or refusing a new trial. This is necessary, to enable this Court to see and determine whether or not the order or judgment presents questions of law the subject of review, or whether it was made in the exercise of discretionary power, and therefore not reviewable here.

No appeal lies when the new trial is granted or refused in the discretion of the Court, as where the Court is of opinion that the verdict is against the weight of evidence, or that the damages allowed are excessive. And it has been held, that where a referee made his report, in the nature of a verdict, the defendant moved to refer the matter back, with instructions to open the account, on account of newly discovered evidence, and the Court allowed the motion at the costs of the defendant, the order of the Court could not be reviewed in this Court. *Vest* v. *Cooper*, 68 N. C., 131; *Moore* v. *Edmiston*, 70 N. C., 471.

And where the Court simply sets the verdict aside and grants a new trial, without specifying the matters that induced it to make the order, and these do not appear with sufficient certainty in the record, it must be taken that the Court granted the new trial in the exercise of its discretionary powers. The presumption is, that the order was properly made for good and sufficient cause, nothing to the contrary appearing.

Now, in the case before us, it does not appear upon what ground the learned Judge placed his decision. He may have thought that the verdict was against the weight of evidence, or that the price allowed for the lumber was excessive, or some other like cause may have prompted his action. The defendant, it is true, moved to set the verdict aside, " because it was irregular," but it

does not appear that the Court placed its decision upon that ground.

The Judge was familiar with the law, and if he had intended to decide upon the ground that the verdict was irregular and void, thus raising a question of law, he would most probably have stated the grounds of his decision, so as to give the appellant the benefit of an appeal. In that case, as we have seen, he ought to have stated what induced his decision. The burden rests upon the appellant to show sufficient grounds for the appeal, and to show error.

The order in question was one within the discretion of the Court, and therefore no appeal lay from it. The supposed appeal must therefore be dismissed. It is so ordered.

Dismissed.