B. W. JONES and wife v. JORDAN H. PARKER.

*New Trial—Jurors—Impeaching Verdict.*

1. Where the motion for a new trial is addressed to the discretion of the trial Judge, his action is not the subject of review on appeal.

2. The testimony of a member of the jury cannot be heard to impeach the verdict.

(*State* v. *McLeod*, 1 Hawks, 346; *State* v. *Smallwood*, 78 N. C., 563; cited and approved).

CIVIL ACTION, tried before *Shipp, Judge,* and a jury, at Fall Term, 1886, of GATES Superior Court.

There was a judgment for the defendant, and the plaintiffs appealed.

The facts appear in the opinion.

*Mr. John Gatling,* for the plaintiffs.
No counsel for the defendant.

DAVIS, J. There is no error assigned in the record, but a motion was made for a new trial, based upon affidavits filed by some of the jurors, that they did not concur in the verdict, and by others that they did not understand portions of the charge of the Court.

Counter-affidavits by other members of the jury were also filed. The case states, that "the Court, considering the affidavits fully, and acting upon personal knowledge of what transpired in Court, in the exercise of its discretion, refused the motion."

The granting of a new trial, when a matter of discretion, as in this case, is purely a subject for the consideration of the presiding Judge, and this Court has no power to review or control the exercise of his discretion. This is too well settled to need the citation of authority.

His Honor gave full consideration to the affidavits of the jurors in regard to their verdict. In *State* v. *McLeod*, 1 Hawks, 346, HENDERSON, Judge, said: "It has been long settled, and very properly, that evidence impeaching their verdict, must not come from the jury; but must be shown by other testimony;" and this has been affirmed in *State* v. *Smallwood*, 78 N. C., 563.

We call attention to these authorities, because we think it unsafe and unwise, as a rule, to permit verdicts to be impeached by the testimony of jurors rendering them.

In this case no error having been assigned in the record, and none appearing, the judgment must be affirmed. Let this be certified.

No error.                                        Affirmed.