THE STATE v. WILLIAM BRADDY alias WILLIAM BRADLEY.

*New Trial—Discretion—Exception, When made.*

1. The objection to the competency of the evidence submitted to the jury, or to warrant a verdict, must be made in proper manner before verdict.

2. It is competent for the trial Court, in its discretion, to grant a new trial if it has reason to believe injustice has been done, but from his refusal to do so there is no appeal.

This is a CRIMINAL ACTION, which was tried before *Mac-Rae, J.,* at September Term, 1889, of PITT Superior Court.

The indictment charges the prisoner with the crime of burglary. He was tried upon his plea of not guilty, and the jury rendered a verdict of guilty in the second degree, as allowed by the statute (Acts of 1889, ch. 434). Whereupon, he "moved for a new trial, upon the ground that there was no evidence upon which" he could be convicted. The motion was denied, and he excepted. The Court gave judgment against him, and he appealed.

*The Attorney General,* for the State.
*Mr. William B. Rodman, Jr.,* for the defendant.

MERRIMON, C. J.: Numerous witnesses were examined on the trial, and the evidence was voluminous. No exception

104—47

was taken on the trial, or before the verdict, to its competency or sufficiency as evidence to be submitted to the jury, nor was the Court requested to give any special instructions. Not until after the verdict, on the motion for a new trial, was it suggested that there was no evidence that warranted a conviction. The objection seems to have been an afterthought, and it certainly came too late. The Court had received and submitted the evidence, and had certainly in effect, if not formally, passed upon its competency and sufficiency as evidence, without objection or exception. The prisoner had had ample opportunity to object to it, in any aspect of it, in apt time, and we can see nothing in his case to make it an exception to the general rule applicable in like cases. If, through inadvertence or mistake, he was about to suffer injustice, it lay in the sound discretion of the Judge who presided at the trial to grant a new trial. We are sure that he would have done so if he had thought the motion for it had merit.

We may add that we have read the evidence sent up as part of the case stated, and, notwithstanding the ingenious brief of the prisoner's counsel, we are sure there was evidence bearing on every aspect of the case, from which the jury might not unreasonably infer the guilt of the prisoner. Although we might readily point out its pertinency and strong bearings tending to prove his guilt, we do not think it profitable or necessary to do so.

Affirmed.