Facts are found to support a judgment at the time of rendering it, not to explain or justify it afterwards. Where the parties waive the right of trial by jury and agree to submit all issues to the Judge or to referees, the statutes provide that the conclusions of fact as well as of law shall be set forth fully, in order that they may constitute the basis of the judgment. But when the duty devolves (391) upon the Judge of deciding a question as distinguished from an issue of fact, there is no such statutory requirement. The rule of practice applicable to the various classes of cases in which a court is allowed or required to make such findings preliminary either to the admission of testimony or the rendition of judgments, such as that appealed from, is by no means uniform. For instance, we have held in Blue v. R. R.,post, 644, that a Judge is not bound to set forth a formal finding of the facts upon which he holds that a witness offered as an expert has or has not shown himself qualified. On the other hand it is conceded to be the duty of the Judge, when requested in apt time to do so, to enter upon the record the findings of fact upon which he bases his judgment granting or refusing a motion to vacate a judgment. Carter v. Rountree, 109 N.C. 29. In that case the Court assumed that the Judge always found definite conclusions of fact, but made them a part of the record proper only when the request was made while the record was still in fieri. The statement of the case on appeal constitutes no part of the record proper, and it is too late for the court, except by consent, to insert in it a finding of facts as a foundation for a judgment or to amend it when settling the case on appeal. Where no findings of fact were entered on the record and no request was made to enter them till after judgment, the refusal to grant the request, when subsequently submitted in case on appeal tendered by the appellant, is not sufficient ground for an assignment of error.
The defendant Whitten filed two undertakings, both conditioned as required by the statute, the first one in the sum of $100, signed as surety by the appellant East, and another in the sum of $200, (392) with J. S. Smith as surety. The sworn value of the property seized was $100, as claimed in the affidavit of plaintiff. At Spring Term, 1894, of the Superior Court the jury found the actual value of the mare to be $50, and assessed the damages for detention at $10. Thereupon judgment was rendered against the defendant for possession of the mare and, if possession could not be had, then against the defendant Whitten and his surety, the appellant East, for *Page 269 
the sum of $100 (the penal sum named in the undertaking), to be discharged on the payment of $60 with interest, etc. If this had still remained in full force, the case of McDowell v. McBryde, ante, 125, is direct authority to sustain the ruling of the Judge below, and it only remains to see whether East had been discharged by order of court or consent of the parties.
The bond, or undertaking, was justified in the sum of $100 by East, but, the property being valued in the plaintiff's affidavit at the same sum, it became necessary to have a justified undertaking in the sum of $200. The court properly decided that the undertaking signed by East was of itself insufficient. But if that signed by Smith had named as the penal sum only $100, we can see no reason why, if the parties could each justify for the same penal sum, it should not have been held that two bonds were in contemplation of law equivalent to one undertaking in the penal sum of $200. Moreover, it may be that Smith was not actually worth more than $100 above his exemptions, and that the plaintiff would have again objected to the bond but for the fact that he relied on the first one filed to the extent of the penal sum named therein. This view of the matter is presented to show that the ruling was supported by sufficient reasons. But it is needless to cite authority in support of the proposition that where a plaintiff in any case, or a defendant in an action involving the title to land, in obedience to an order to enlarge his bond, files an additional undertaking with new sureties and in the sum suggested by the (393) order of the court, the sureties on the original obligation are not discharged. The new undertaking is not substituted for, but added to, the original indemnity by the other party from liability to pay his own cost in case he should prevail in the action. The plaintiff was under no legal obligation to bring in the administrator of Smith, the surety on the second undertaking. The appellant, East, has agreed to indemnify plaintiff to the extent of $100 and it has not been adjudged that he is liable beyond the limit fixed by himself. For the reasons given the judgment of the court below is
Affirmed.
Cited: Pharr v. R. R., 132 N.C. 423; Fisher v. Ins. Co., 136 N.C. 224;Abernethy v. Yount, 138 N.C. 341; Parker v. Ins. Co., 143 N.C. 342;Lumber Co. v. Buhmann, 160 N.C. 387; Gardiner v. May, 172 N.C. 194. *Page 270 
(394)