WOOD v. ATLANTIC AND NORTH CAROLINA RAILROAD CO.

(Filed September 23, 1902.)

1. APPEAL—*Verdict—Setting Aside.*

> Where a verdict is set aside as a matter of law, as here, because the judge held that he had, erroneously refused a prayer asked by the losing party, an appeal lies.

2. MECHANIC'S LIEN—*The Code, Sec. 1801—Sub-contractor—Contractor.*

> The owner of property is not responsible to a sub-contractor for a debt of the contractor, if he owes the contractor nothing at the time he receives notice of claim of sub-contractor.

ACTION by J. W. Wood against the Atlantic and North Carolina Railroad Company, heard by Judge *Thomas A. McNeill* and a jury, at May Term, 1901, of the Superior Court of CRAVEN County. From a judgment setting aside the verdict and granting a new trial, the plaintiff appealed.

*W. D. McIver,* for the plaintiff.
*Simmons & Ward,* for the defendant.

CLARK, J. When the trial Judge sets aside or refuses to set aside a verdict on the ground that it is against the weight of the evidence, or excessive, or for other matter resting in his irreviewable discretion, no appeal lies. Clark's Code (3d Ed.), pages 736, 746. But when the verdict is set aside as a matter of law, as here, because the Judge held that he had erroneously refused a prayer asked by the losing party, an appeal lies. *Bryan v. Heck,* 67 N. C., 322; *Gay v. Nash,* 84 N. C., 333; *Thomas v. Myers,* 87 N. C., 31. An appeal lay at once, because a verdict is a substantial right, and the appellant should not be put to the trouble and expense of another trial if this verdict was erroneously set aside.

The plaintiff testified that, having done some work for R. S. Neal upon a warehouse which Neal had built for the

Wood *v.* Railroad.

defendant company, he called upon the President of the company, James A. Bryan, notified him of the amount, and asked him to retain said sum for him in the settlement with Neal, and that this was about three weeks before Neal failed, which occurred in September, 1900. The president refused to do so, saying that when Neal called for his money he would have to pay it to him. President Bryan and the treasurer, Matt. Manly, both testified that on making up a statement of Neal's account, it appeared that by 9 July, 1900, the defendant company had overpaid Neal for the warehouse. This evidence was uncontradicted, and the defendant requested the Court to instruct the jury that if they believed the evidence, to find on the issue submitted that the defendant was not indebted to the plaintiff. This instruction the Court refused, but on the motion for a new trial, made on the ground that he had committed an error in refusing the instruction, he properly so held and set aside the verdict. The defendant could not be liable to the plaintiff unless at the time of his notification to President Bryan of his claim, the defendant was then, or thereafter, indebted to Neal on account of said work, Code, Sec. 1801, and the uncontradicted evidence is that before that time Neal had been more than settled with in full for said warehouse. The reply of President Bryan was not an assumption of Neal's debt to plaintiff, and if it had been, it was without consideration and not in writing. It did not mislead the plaintiff, even, because the president expressly refused to assume any responsibility.

In setting aside the verdict there was

No Error.