### BIRD v. BRADBURN.

(Filed December 16, 1902.)

VERDICT—*Setting Aside—Judge—Discretion—Appeal—Findings of Court—Findings of Fact—The Code, Sec. 548.*

> Where the trial judge sets aside the verdict as a matter of discretion, it is not necessary for him to find the facts, and no appeal lies therefrom.

ACTION by J. W. Byrd against J. F. Bradburn, heard by Judge *Frederick Moore* and a jury, at May Term, 1902, of the Superior Court of JACKSON County. From an order setting aside a verdict for the defendant, the defendant appealed.

*Walter E. Moore,* for the plaintiff.
*Coleman C. Cowan,* for the defendant.

CLARK, J. On the coming in of the verdict in favor of defendant, the plaintiff's counsel moved to set aside the verdict and for a new trial. After argument of counsel, the Court, at the same term, granted the motion, set aside the verdict and ordered a new trial, and the cause was continued. The defendant requested the Court to find the facts and state its reasons upon the record for setting aside the verdict. The Court declined to do so, beyond stating that the verdict was "set aside in the exercise of the discretion which is vested in the Court, in order that the case may be properly tried hereafter and justice done to all the parties."

The power of the Court to set aside the verdict as a matter of discretion has always been inherent, and is necessary to the proper administration of justice. The Judge is not a mere moderator, but is an integral part of the trial, and, when he perceives that justice has not been done, it is his duty to set aside the verdict. His discretion to do so is not limited to cases in which there has been a miscarriage of justice by reason of the verdict having been against the weight of the evidence (in which, of course, he will be reluctant to set his opinion against that of the twelve), but he may perceive that there has been prejudice in the community, which has affected the jurors, possibly unknown to themselves, but perceptible to the Judge—who is usually a stranger—or a very able lawyer has procured an advantage over an inferior one, an advantage legitimate enough in him, but which has brought about a result which the Judge sees is contrary to justice. In such, and many other instances which would not furnish a legal ground to set aside the verdict, the discretion reposed in the trial Judge should be brought to bear to secure the administration of exact justice. This being an exercise of discretion, it could subserve no possible purpose to find the facts (*Allison v. Whittier,* 101 N. C., bottom of page 494); indeed, in view of the effect in a new trial, it would be some-

times important that the facts should not be spread upon the record.

It is only when a new trial is granted as a matter of law that such action is reviewable, and then the facts should be found. When the verdict is set aside as a matter of discretion, it is not necessary to find the facts; *Allison v. Whittier, supra;* and no appeal lies, *Braid v. Lukins,* 95 N. C., 123; *Jones v. Parker,* 97 N. C., 33; and if no reason is given, it is presumed that the new trial was granted as a matter of discretion, and the appeal will be dismissed. *Braid v. Lukins, supra; State v. Braddy,* 104 N. C., 737.

The appellant relies upon *Moore v. Edmiston,* 70 N. C., 471; *Johnson v. Bell,* 74 N. C., 355; *Carson v. Dellinger,* 90 N. C., 226, that the Judge, if requested, should put on record his reasons for setting aside the verdict that his action may be reviewed. The Code, Sec. 548. These cases state that if his action was not in the exercise of his discretion, it is reviewable, and therefore his reasons should be given, if asked. That has been done here, for the Judge has stated, when requested to give his reasons, that the verdict was set aside "in the exercise of the discretion which is vested in the Court." This matter has already been discussed and decided at this term. *Wood v. Railroad,* at this term, page 48.

Appeal Dismissed.