ABERNETHY v. YOUNT.

(Filed May 9, 1905.)

*Orders Granting New Trials—When Reviewable—Duty of Judge—Verdicts—Witness—Handwriting Expert—Evidence—Comparison of Signatures.*

1. Where a verdict was rendered in favor of the plaintiff, and the trial judge declined to set it aside because of insufficient evidence, but granted a motion for a new trial, without any suggestion of a reason therefor, *held,* that it was the duty of the judge to put upon the record whether he granted the motion in the exercise of his discretion, or as a matter of law, and the plaintiff's exception to the refusal to enter judgment on the verdict is sustained.

2. The verdict of a jury is a valuable right of which a person may not be deprived, except in accordance with the law, and the action of a judge in setting it aside will not be ascribed to discretion unless he plainly says so, or there be no other explanation of his conduct.

3. A witness who testified that he was a stenographer and typewriter had studied penmanship and was assistant to the Clerk of the Court, was qualified to testify as a handwriting expert.

4. A paper containing an admitted genuine signature need not be put in evidence to authorize its comparison by an expert with a signature the genuineness of which is in issue.

CLARK, C. J., and HOKE, J., dissent.

138——22

ACTION by A. S. Abernethy against D. E. Yount, heard by *Judge T. A. McNeill* and a jury, at the July Term, 1904, of the Superior Court of CATAWBA County.

The plaintiff brought suit in a justice's court against the defendant for the recovery of a note for $53.20. Upon appeal the cause was tried in the Superior Court upon the following issue: "Did the defendant execute and deliver the alleged note set out by the plaintiff as the cause of action?" The plaintiff testified that he bought the note from one A. S. Satterthwaite, and before it fell due paid full value for it; that no payment had been made thereon and that the defendant's name was signed to it; that he bought it without notice of any defense thereto. The defendant testified that he did not sign any note to Satterthwaite; that he signed an application for insurance; that Satterthwaite did not ask him to sign a note—nothing whatever was said about a note; that he never saw a note until the magistrate's trial. His application for insurance was turned down and he never received any policy. He admitted he signed an application for insurance which was shown him.

There was other testimony tending to show that the plaintiff purchased the note for value and without notice.

The plaintiff introduced LaFayette Huffman, who testified that he was a graduate of Lenoir College, had studied penmanship, and was assistant to the clerk of the court. The witness was shown the application for insurance, which the defendant admitted he had signed, and testified under the defendant's objection: "I think the signatures on the two papers are the same; it is the same handwriting to the best of my knowledge." To this testimony the defendant excepted for that (1) the witness had not been shown to have been an expert, (2) that the paper used as a standard of comparison should be first introduced in evidence and (3) that the proposed standard of comparison was not a proper standard. The objection was overruled and the defendant excepted.

On cross examination the witness said: "I never saw the defendant write; will not swear that the defendant signed the note; it was possible that the signature on the note could have been forged."

The jury having answered the issue in the affirmative, the defendant moved to set aside the verdict as being against the weight of evidence. Motion refused and defendant excepted. Motion by defendant for new trial, which motion was allowed and the plaintiff excepted, assigning as error His Honor's order allowing the defendant's motion for a new trial and refusing to enter judgment on the verdict. Plaintiff appealed.

*Self & Whitener* for the plaintiff.
No counsel for the defendant.

CONNOR, J., after stating the facts: The Code, Section 412, provides that the judge who tries the cause may in his discretion entertain a motion to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages. We understand the first cause "upon exceptions" to refer to exceptions made upon the record during the trial, as for admitting or rejecting testimony, giving or refusing to give instructions, or other action of the judge. For granting or refusing to grant such motion, "involving a matter of law or legal inference," an appeal lies to this court. *Thomas v. Myers,* 87 N. C., 31. For granting or refusing to set aside the verdict, or granting a new trial for insufficient evidence or excessive damages, no appeal lies. This can be done only during the term. It is held in *Benton v. Collins,* 125 N. C., 83, that power is given the judge by this section to set aside a verdict and grant a new trial for inadequacy of amount of damages. He may also exercise the power to set aside the verdict and judgment under the provisions of section 274.

This may be done during the term or within one year there-
after. *Quincey v. Perkins,* 76 N. C., 295.

In addition to these causes, the judge may in his discretion
set aside a verdict and order a new trial during the term
for any cause which casts suspicion upon the verdict, such
as misconduct of jurors or other officers of the court or the
parties or witnesses. After enumerating the causes which
entitle a party aggrieved to have the verdict set aside as a
matter of right, *Bynum, J.,* says: "All other circumstances
of suspicion address themselves exclusively to the discretion
of the presiding judge in granting or .refusing a new trial.
He ,is clothed with this power because of his learning and
integrity, and of the superior knowledge which his presence
at and participation in the trial gives him over' any other
forum." *Moore v. Edmiston,* 70 N. C., 471. The line which
divides the cases in which the party aggrieved may as a
matter of right demand that a verdict be set aside, from those
in which the question rests in the discretion of the judge,
was marked after full discussion, by those two eminent and
learned sages of the law, *Ruffin* and *Gaston,* in *State v. Mil-
ler,* 18. N. C., 500. The view of the majority of the court
in that case has been uniformly adopted and followed by
this court. *State v. Tilghman,* 33 N. C., 513; *Moore v. Ed-
miston, supra.* We have no disposition to question its sound-
ness or limit its operation further than is done in that and
other cases. We fully recognize the necessity and therefore
the wisdom of vesting in the presiding judge the power to
so regulate the proceedings of the court over which he pre-
sides, that such order, decorum and obs⌒rvance of the fixed
rules of procedure be enforced, as becomes the dignity of the
court and secures fair and impartial trial of causes.

We think, however, that it is in no degree inconsistent with
or unduly restrictive of such power, to hold that when the
judge exercises it as a matter of discretion, as distinguished
from a conclusion upon a "matter of law or legal inference,"

he so states on the record to the end that parties may be advised respecting their right to have his action reviewed. An examination of many cases which have been before this court shows such to have been the practice. Referring to the provisions of Section 412 (4) *Bynum, J.,* says: "Heretofore it has been the practice of Superior Courts, in granting new trials, not to put upon record the facts or reasons moving them thereunto, and we know of no rule of law requiring it to be done. But, now, to give parties the benefit of the above section of The Code, the courts should and no doubt will, on exceptions taken by the parties aggrieved, put upon the record the matters inducing the order granting as well as refusing a new trial. The appellate court can thus see whether the order presents a matter of law which is the subject of review, or a matter of discretion which is not. In this way only it is conceived can the full benefit of that provision of The Code be secured to suitors." *Moore v. Edmiston, supra.* It is stated in the opinion that the facts upon which the new trial is granted are set out. In *Smith v. Whitten,* 117 N. C., 389, it is said that it is the duty of the judge, upon request, to state upon the record the facts moving him to refuse or grant a new trial. A new trial was refused in that case. It would seem from the language of the court that if no request was made, his failure to do so may not be made a basis of exception, it is not very clear from the report whether the motion was based upon Sec. 412 (4). In *Carson v. Dellinger,* 90 N. C., 226, it appeared that the motion was made to set aside the verdict to enable the mover to introduce on another trial newly discovered testimony. This was clearly within the discretion of the judge. The cases cited fully sustain the conclusion. In *State v. Braddy,* 104 N. C., 737, the "headnote" is misleading in stating, in general terms, the power of the court to grant a new trial. The language of *Merrimon, C. J.,* is: "If, through inadvertence or mistake, he was about to suffer injustice, it lay in the sound discretion of the judge

who presided at the trial to grant a new trial." It was re-
fused in that case. In *Jones v. Parker,* 97 N. C., 33, the mo-
tion was refused, the judge stating his reasons therefor. In
*State v. Boggan,* 133 N. C., 761, the facts were found by the
judge; also in *State v. Daniels,* 134 N. C., 671. In *Brink
v. Black,* 74 N. C., 329, the motion was made and granted be-
cause the verdict was against the weight of the evidence. In
*Redmond v. Stepp,* 100 N. C., 212 (219) the motion to set
aside the verdict was because of insufficient evidence and
newly discovered testimony; so in *Edwards v. Phifer,* 120
N. C., 406.

In *Braid v. Lukins,* 95 N. C., 123, the record states that
upon the return of the verdict, a motion was made to set aside
"because the verdict was irregular," the court refused judg-
ment and the plaintiff excepted. The court set aside the ver-
dict and granted a new trial. *Merrimon, J.,* said: "Now in
the case before us it does not appear upon what ground the
learned judge places his decision. He may have thought that
the verdict was against the weight of the evidence, or that the
price allowed for the lumber was excessive, or some other
like cause may have prompted his action. The defendant, it
is true, moved to set the verdict aside because it was irregular,
but it does not appear that the court placed its decision
upon that ground." In *Bird v. Bradburn,* 131 N. C., 488
the judge expressly states that in the exercise of his dis-
cretion he refused to set aside the verdict. It cannot be
denied that the practice of the judges in this respect is not
uniform, although in a large majority of the cases which we
have examined, the ground upon which the judge proceeded
is set out, especially is this so where the power is exercised.
In this connection we are impressed with the wisdom of the
language of *Judge Gaston* in his dissenting opinion in *State
v. Miller,* 18 N. C., 540: "I see no alternative between a
steady adherence to the law, which vitiates a suspected ver-
dict, or leaving the question of its validity or invalidity to

depend on the discretion of the presiding judge. To the
adoption of the latter branch of the alternative, I have in-
superable objections. It would be oppressive to the judge,
dangerous to the community, and at variance with the settled
principle of our law. It is impossible, indeed, not to confide
discretion to judicial magistrates, but I am sure that, while
every enlightened friend to free government holds unneces-
sary discretion to be tyranny, every conscientious judge will
say that of all his duties none are so distressing as those
wherein he can find no certain rule, but is left to his own
notions of fitness and expediency. . . . The trial by jury
—justly considered as the strongest security to the liberties
of the people which human sagacity ever devised, as well as
the happiest contrivance for cherishing among all an affec-
tionate attachment to the laws, in the administration of
which they act so important a part—must be kept under the
protection of law, and not left under the patronage of its min-
isters. If the old rule be disregarded, new ones must be de-
vised. To proceed wholly without rule would be intolerable;
and the courts, for their own convenience as well as for the
public order, would be obliged, as it seems that the judges
in New York have done, to make rules." We are quite sure
that His Honor was inadvertent to the right of the plaintiff
to have him state whether he exercised the power to order a
new trial as a matter of discretion, or because of law or
legal inference. If it be conceded that the practice in this
respect has not heretofore been uniform, we think it should
be made so in justice both to suitors and judges. We are
quite sure that no judge desires to exercise his discretion
when he can base his action upon fixed rules of law and legal
procedure.

His Honor declined to set aside the verdict because of in-
sufficient evidence, and, without assigning any other ground,
a motion is made generally for a new trial, and granted.
The plaintiff is thus deprived of his verdict, which by neces-

sary implication from His Honor's action is in his opinion justified by the evidence, without the slightest suggestion of any reason therefor.  We cannot think this consistent with either the principles upon which our judicial system is founded or the practice of our courts.  We do not question His Honor's power, if in the exercise of his sound discretion there had been on his part, or on the part of any other person connected with the case or the court, any irregularity or inadvertence, or any other like reason, by which the defendant had suffered injustice, to set the verdict aside.  Nor do we suggest that such action would have been reviewable in this court.  We do think that His Honor should have informed the parties, and put upon the record, whether he granted the motion in the exercise of his discretion, or as a matter of law or legal inference.  The verdict of the jury obtained after, and as the result of, a judicial investigation, is a valuable right of which a person may not be deprived except in accordance with the law.  *Wood v. Railroad,* 131 N. C., 48. Arbitrary discretion is not a favorite in a system of jurisprudence and procedure based upon judicial precedent and written law.  Of necessity, discretion must rest somewhere in the administration of the law, but it should be confined to the narrowest possible limits consistent with necessity.

We are not required in this case and, appreciating the delicacy of the question with which we are dealing and desiring to say no more than is necessary, we do not intend to say that when a judge exercises his discretion he must state the facts upon which his action is based.  We simply hold that he should say, if the fact be so, that his act is controlled only by his discretion.  This is but fair to the parties, just to the judge, and consistent with sound legal principles and precedent.  *Bird v. Bradburn, supra.*

We are of opinion however that the learned and conscientious judge, who we are sure is duly sensible of and sensitive to the rights of litigants, did not grant a new trial as a matter

of discretion. We do not think that the action of a judge should be ascribed to discretion unless he plainly says so, or there be no other explanation of his conduct.

In this case we find that the defendant excepted to the introduction of testimony, and we conclude that upon reflection His Honor was of opinion that he had committed error in admitting such testimony. His Honor's action, viewed in this way, is appealable and subject to review. *Wood v. Railroad, supra.* Rulings upon the trial are frequently brought here for review in this way. Was there error in the admission of the testimony? Huffman was examined as an expert; he said he was a stenographer and typewriter, had studied penmanship; and was assistant to the clerk of the court. The defendant contended that he was not qualified as an expert. It certainly would have been more in accord with the practice if His Honor had examined the witness regarding his competency as an expert and found the facts before permitting him to testify. Such finding is final, if there is any evidence to support it. *State v. Wilcox,* 132 N. C., 1120; *State v. Secrest,* 80 N. C., 450. We think the statement of the witness as to his opportunity for forming an opinion in regard to handwriting, sufficient under the ruling of this court in *Yates v. Yates,* 76 N. C., 146; 1 Wigmore Ev. 570. It is further excepted for that the application for insurance, admitted to have the genuine signature, was not put in evidence. We do not think it was necessary to do so. His Honor's ruling is sustained by the decision in *Fuller v. Fox,* 101 N. C., 119, and other cases following.

We find no error in any of the rulings excepted to by the defendant. We have noticed the only exceptions which appear in the record. The charge of His Honor is not set out. If the defendant had made other exceptions he should have had them put in the record. In their absence it will be presumed that the rulings of His Honor were satisfactory. We have examined the entire record with care and see nothing to

suggest error. The only issue submitted was in regard to the execution of the note—that was found for the plaintiff. It seems to have been conceded, or at least there was no evidence to the contrary, that the plaintiff was the purchaser for value and without notice. If the defendant, however, by reason of the action of His Honor had other exceptions in the record which he desires to have presented, we take it that he would be entitled from a proper application to the writ of *certiorari* in lieu of an appeal.

His Honor did not, in terms, set aside the verdict, although he granted a new trial. The plaintiff was entitled to judgment. The Superior Court of Catawba County will proceed to render judgment on the verdict.

Error.

CLARK, C. J., dissenting: The judge below granted a new trial without saying whether he did so as a matter of discretion, or because he found he had committed an error of law in the trial, and he was not asked to state upon what ground he granted a new trial.

The presumption always is in favor of the correctness of the trial below and he who alleges error must assign and show error. This is elementary. If this new trial was granted as a matter of discretion, there could be no error. If it was granted for error in law which the judge thought he had committed, it would be a reviewable question to decide whether or not there was error committed by him. As it does not appear upon which ground the court put its action, and appellant's counsel did not ask that it should be stated, it will be presumed that there was no error and that the judge did, what he had a right to do, and granted the new trial in his discretion.

Besides if the new trial was granted for error in law committed by the judge it is absolutely necessary that the judge find the facts otherwise, it cannot be seen whether he did or

did not in fact commit an error of law. To reverse the judgment, without such finding, is to order a final judgment below against the appellee when not appealing, he had no chance to file exceptions. He has had no showing on this appeal, no day in court. When the judge puts his ruling upon the ground that he committed an error of law, he finds the facts and the alleged error of law is presented. This has been the case in every instance where an appeal has been taken because the judge below granted a new trial upon a matter of law. *Wood v. Railroad,* 131 N. C., 48; *Thomas v. Myers,* 87 N. C., 31; *Gay v. Nash,* 84 N. C., 333; *Bryan v. Heck,* 67 N. C., 322.

Two cases (and two cases only) have presented the precise point herein, as to the effect of an appeal from an order granting a new trial without stating whether it was granted in the discretion of the court or for error of law, and in both by a unanimous court, it was held that the new trial must be taken to have been granted in the discretion of the court and in both the appeal was dismissed. In *Braid v. Lukins,* 95 N. C., 125, *Merrimon, C. J.* says that when the court below "grants a new trial, without specifying the matters that induced it to make the order, and these do not appear with sufficient certainty in the record, it must be taken that the court granted the new trial in the exercise of its discretionary power. The presumption is that the order was properly made for good and sufficient cause, nothing to the contrary appearing  *  *  *  The defendant, it is true moved to set the verdict aside because 'it is irregular' but it does not appear that the court placed its decision upon that ground. The judge was familiar with the law, and if he had intended to decide upon the ground that the verdict was irregular and void, thus raising a question of law, he would most probably have stated the grounds of his decision, so as to give the appellant the benefit of an appeal. In that case, as we have seen, he ought to have stated what induced his

decision. The burden rests upon the appellant to show sufficient grounds for the appeal and to show error." It is not sufficient ground, as in this case, to show merely that the new trial was granted, without showing that it was not granted in the discretion of the court.

In *Braid v. Lukins, Merrimon, C. J.* further says that when the new trial is granted below for an error of law "the court should state upon the record the facts and considerations that induced it to make the order granting or refusing a new·trial. This is necessary to enable this court to see and determine whether or not the order or judgment presents *questions of law,* the subject of review, or whether it was·made in the exercise of discretionary power and therefore not reviewable." In the last decision of this court, and a very recent one, *Bird v. Bradburn,* 131 N. C., 488, the same ruling is made dismissing the appeal. The court said "The power of the court to set aside the verdict as a matter of discretion has always·been inherent and·is necessary to the proper administration of justice. The judge is not a mere moderator but is an integral part of the trial, and when he perceives that justice has not been done, it is his duty to set aside. the verdict   *   *   *   It is only when a new trial is granted as a matter of law that such action is reviewable, and then the facts should be found. When the verdict is set aside as a matter of discretion, it is not necessary to find the facts, *Allison v. Whittier,* 101 N. C., bottom of page 494; and no appeal lies, *Braid v. Lukins,* 95 N. C., 123; *Jones v. Parker,* 97 N. C., 33; and *if no reason is given, it is presumed that the new trial was granted as a matter of discretion, and the appeal will be dismissed. Braid v. Lukins supra; State v. Braddy,* 104 N. C., 737." The court further says that if the grant of a new trial "was not in the exercise of the judge's discretion it is reviewable, and therefore his reason should be given, *if asked."*

Here, the judge's reasons were neither asked nor given,

and the above cases settle that it must be presumed that he acted in his discretion. This court will not presume error below. It must affirmatively appear. The court below refused to grant a new trial "because against the weight of evidence" and then granted it without giving any reason. It does not follow that it must have been for some error of law which the judge had made. There might be a hundred reasons (some of which are suggested in *Bird v. Bradburn, supra,*) why the judge in his discretion thought that in the interest of justice there should be a new trial. None of these was he required to set out in the record, and in most cases they ought not to go upon the record, to prejudice persons or another trial (as where the judge has a suspicion but not legal proof that the jury was tampered with, and many other cases.) To summarily order a judgment, here, upon a verdict which the court below has set aside without giving its reasons · (and therefore presumably· in its discretion) would be unjust to the defendant. It was incumbent upon the appellant, the plaintiff, to ask the judge to give his reasons.

If, contrary to above precedents, the failure of the judge, unasked to state his grounds for granting a new trial does not raise a presumption that he acted in his discretion and committed no error, certainly it could not raise the opposite presumption that he acted not in his discretion but for reason of error in law committed in the trial, still less can there arise the further presumption that he erred in finding that he had committed error. There may have been an error in his charge or in a remark to the jury or in the remarks of counsel, or in the composition of the jury, or other legal errors which do not appear in the record because no facts are found. The defendant appellee is not to be punished by a judgment without a hearing because the judge did not *ex mero motu* find the facts and state his reason for granting a new trial. If it was error to fail to do this, at most the

case should be remanded that the judge may state his grounds and find the facts.

If, however it could be presumed that the judge granted the new trial for error of law committed by him, the presumption is that he ruled properly. that there was such error, and it was incumbent on the appellant, the plaintiff to have the facts found. But what ruling of law is presented when no facts are found? The verdict against the defendant being set aside he is not appealing. He could not, on this record, with no facts found, allege errors in the judge's ruling. It is the plaintiff who is appealing, and he assigns no error save that the new trial was granted. To order judgment against the defendant is not only to presume that the judge granted the new trial, not in his discretion, but is to deprive the defendant of opportunity to show that in fact error of law was committed on the trial, for no facts were found, as should be done when the new trial below is granted by the judge for his own error.

If the judgment below stands, there is no harm done, for on the new trial which was granted by the judge, the costs will follow the final verdict. But it will be depriving the defendant of his day in court to direct judgment against appellee if the judge granted the new trial in the exercise of his discretion in the interest of justice—as is the presumption —or to hold (if the new trial is presumed to have been granted for error of law committed) that the judge granted a new trial when no error had been committed, when the facts are not found, upon which alone the errors of law would be presented, and the appellant upon whom it devolved did not ask the facts to be found.

But if the judge *ex mero motu* and unasked by the appellant should have stated whether the new trial was granted in his discretion or for error of law, the defendant appellee should not be punished for the judge's error by our putting in

force a judgment as to which the appellee has had no opportunity to file his exceptions or have them passed upon.

Upon reason and the precedents the appeal should be dismissed and the truth of the matters determined by the new trial below.

HOKE, J., concurs in the dissenting opinion.