### BEULAH B. GOODMAN v. L. VICTOR GOODMAN.

(Filed 16 December, 1931.)

**Appeal and Error J b—Action of trial court in setting aside verdict in his discretion is not reviewable on appeal.**

Where, in a wife's action for reasonable subsistence and counsel fees without divorce under the provisions of C. S., 1667, the trial court sets aside the verdict in the husband's favor in his discretion as being contrary to the weight of the evidence his action is not reviewable on appeal in the absence of abuse of discretion, and in this case the appeal is dismissed, there being no evidence of such abuse, C. S., 591. The distinction between actions under this section and actions under C. S., 1666, where the trial court must find the facts, is pointed out.

APPEAL by defendant from *Stack, J.,* at July Term, 1931, of BUN-COMBE.

Application for alimony without divorce.

Upon issues joined, the jury returned the following verdict:

"Did the defendant abandon the plaintiff as alleged? Answer: No."

Upon the coming in of the verdict the court, in its discretion, ordered that the verdict be set aside and the cause retained on the docket. Exception.

The defendant tendered judgment on the verdict, which the court refused to sign, as he had already set the verdict aside in the exercise of his discretion. Exception.

Defendant appeals, assigning errors.

*Ellis C. Jones and Zeb F. Curtis for plaintiff.*
*Wells, Blackstock & Taylor for defendant.*

STACY, C. J. This is an action instituted in the Superior Court of Buncombe County, the county in which the cause of action arose, to have a reasonable subsistence and counsel fees allotted and paid or secured to the plaintiff out of the estate or earnings of her husband

under authority of C. S., 1667, as amended by chapter 123, Public Laws 1921, and chapter 52, Public Laws 1923.

It is provided by the statute, as amended, that if any husband (1) shall separate himself from his wife and fail to provide her and the children of the marriage with necessary subsistence according to his means and condition in life, or (2) shall be a drunkard or spendthrift, or (3) shall be guilty of any conduct or acts which would be or constitute cause for divorce, either *a vinculo* or *a mensa et thoro,* his wife may institute an action in the Superior Court of the county in which the cause of action arose to have a reasonable subsistence and counsel fees allotted and paid or secured to her from the estate or earnings of her husband: *Provided,* it shall be competent for the husband to plead the adultery of the wife in bar of her right to such alimony; and if the wife shall deny such plea, and the issue be found against her by the judge, he shall make no order allowing her any sum whatever as alimony or for her support, but only her reasonable counsel fees.

The plaintiff alleges at least two causes of action for divorce—one that the defendant has abandoned his family, and the other, that he has offered such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome. C. S., 1660.

It should be observed that the action is not for divorce and alimony *pendente lite* under C. S., 1666, but it is an application for alimony without divorce under C. S., 1667. The two statutes are dissimilar in several respects. There is no specific requirement in the latter section (*Allen v. Allen,* 180 N. C., 465, 105 S. E., 11), as there is in the former (*Easeley v. Easeley,* 173 N. C., 530, 92 S. E., 353), that the judge shall find the facts as a basis for his judgment, except, when put in issue, which is not done here, the fact of the wife's alleged adultery is required to be found against her, when she otherwise would be entitled to the relief sought, and the application is denied on this ground. *Price v. Price,* 188 N. C., 640, 125 S. E., 264; *Black v. Black,* 198 N. C., 809, 150 S. E., 925.

There was ample evidence to support the allegations of the complaint, with none to the contrary. The defendant was not present at the trial, and no evidence was offered in his behalf. The court properly directed that the verdict be set aside, as it was contrary to all the evidence, and his action in this respect, remitted by the law to his sound discretion, is not reviewable. *Bird v. Bradburn,* 131 N. C., 488, 42 S. E., 936; *S. v. Hancock,* 151 N. C., 699, 66 S. E., 137; *S. v. Rose,* 129 N. C., 575, 40 S. E., 83.

In *Edwards v. Phifer,* 120 N. C., 405, 27 S. E., 79, it was said: "No principle is more fully settled than that this Court will not interfere with the discretion of the trial judge in setting aside a verdict as being

against the weight of the evidence," citing as authority for the position: *Armstrong v. Wright,* 8 N. C., 93; *Alley v. Hampton,* 13 N. C., 11; *Long v. Gantley,* 20 N. C., 457; *Brown v. Morris,* 20 N. C., 565; *MacRae v. Lilly,* 23 N. C., 118; *Boykin v. Perry,* 49 N. C., 325; *Vest v. Cooper,* 68 N. C., 131; *Watts v. Bell,* 71 N. C., 405; *Thomas v. Myers,* 87 N. C., 31; *Goodson v. Mullen,* 92 N. C., 211; *Ferrall v. Broadway,* 95 N. C., 551; *Redmond v. Stepp,* 100 N. C., 212; *Davenport v. Terrell,* 103 N. C., 53; *Whitehurst v. Pettipher,* 105 N. C., 40; *Jordan v. Farthing,* 117 N. C., 181; *Spruill v. Ins. Co.,* 120 N. C., 141.

Speaking to the subject in *Brink v. Black,* 74 N. C., 329, Reade, J., delivering the opinion of the Court, said: "The defendant had a verdict, and the judge set it aside and granted a new trial, because in his opinion it was against the weight of the evidence. The defendant appealed, and the only question is, can we review his Honor's order? We have so often said that we cannot that it is a matter of some surprise that he should have the question presented again. When a judge presiding at a trial below grants or refuses to grant a new trial because of some question of 'law or legal inference' which he decides, and either party is dissatisfied with his decision of that matter of law or legal inference, his decision may be appealed from, and we may review it. But when he is of the opinion that, considering the number of witnesses, their intelligence, their opportunity of knowing the truth, their character, their behavior on the examination, and all the circumstances on both sides, the weight of the evidence is clearly on one side, how is it practicable that we can review it, unless we had the same advantages? And even if we had, we cannot try facts."

Rulings of the Superior Court on matters addressed to the court's discretion, *e. g.,* granting or refusing a continuance (C. S., 560), allowing or disallowing removal or change of venue, for convenience of witnesses (C. S., 470), or to secure a fair trial (C. S., 471), permitting or denying amendment to pleadings (C. S., 547), granting or refusing request to file pleadings after time for filing has expired (*Washington v. Hodges,* 200 N. C., 364, 156 S. E., 912), passing upon motion for mistrial on account of the misconduct of parties or counsel (*Lane v. Paschall,* 199 N. C., 364, 154 S. E., 626), or to prevent an alleged miscarriage of justice (*S. v. Guice, ante,* 761, *S. v. Bass,* 82 N. C., 570), determination of motion at trial term to set aside verdict as contrary to the weight of the evidence (*In re Beal,* 200 N. C., 754), adjudication of application for new trial on ground of newly discovered evidence (*S. v. Casey, ante,* 620), and the like, which involve no question of law or legal inference, are not subject to review on appeal. *Hoke v. Whisnant,* 174 N. C., 658, 94 S. E., 446; *Billings v. Observer,* 150 N. C.,

540, 64 S. E., 435; *Jarrett v. Trunk Co.,* 142 N. C., 466, 55 S. E., 338; *Abernethy v. Yount,* 138 N. C., 337, 50 S. E., 696; *Benton v. Collins,* 125 N. C., 83, 34 S. E., 242; *Jones v. Parker,* 97 N. C., 33, 2 S. E., 370; *Braid v. Lukins,* 95 N. C., 123; *Carson v. Dellinger,* 90 N. C., 226; *Moore v. Edmiston,* 70 N. C., 471.

Expressions may be found in a number of cases to the effect that so far as the direct supervision of verdicts is concerned, the discretionary authority of the Superior Court is final. *Harvey v. R. R.,* 153 N. C., 567, 69 S. E., 627; *Boney v. R. R.,* 145 N. C., 248, 58 S. E., 1082; *Slocumb v. Construction Co.,* 142 N. C., 349, 55 S. E., 196; *Brown v. Power Co.,* 140 N. C., 333, 52 S. E., 954; *Norton v. R. R.,* 122 N. C., 910, 29 S. E., 886. Where the jury has committed a palpable error, it is the duty of the trial judge to act so as to prevent a miscarriage of justice. *Hussey v. R. R.,* 183 N. C., 7, 110 S. E., 599.

But in *Settee v. Electric Ry.,* 170 N. C., 365, 86 S. E., 1050, it was said: "The discretion of the judge to set aside a verdict is not an arbitrary one, to be exercised capriciously or according to his absolute will, but reasonably and with the object solely of preventing what may seem to him an inequitable result." And speaking to the same question in *Cates v. Tel. Co.,* 151 N. C., 497, 66 S. E., 592, *Walker, J.,* observed: "It rests in his sound discretion, which should be exercised always, not arbitrarily, but with a view to a correct administration of justice according to law."

It is upon these last quoted expressions and the provisions of C. S., 591, that the defendant bases his appeal in the instant case, but the record discloses no abuse of discretion, or arbitrary or capricious exercise of authority on the part of the trial court. *Bailey v. Mineral Co.,* 183 N. C., 525, 112 S. E., 29. Hence, the appeal is without substance, and will be dismissed. *Bird v. Bradburn, supra.*

Appeal dismissed.