Upon the trial at Macon, on the last circuit, before his Honor, JudgePearson, after the plaintiff had proved the contract, the defendant proved that when Dobbs left the country he, the defendant, purchased from him his improvement or "good will," as it was called; that some few weeks afterwards he applied to the Indian agent for a certificate; but the agent declined giving it to him, observing that "he had in a manner quit giving certificates, and that as the Indian was gone, it was unnecessary"; that he notified the plaintiff of this fact, and offered to put him into possession; but the plaintiff declined taking possession without a certificate, saying that if he was disposed to run the risk, he might take possession of any other Indian improvement without paying for it, but that he would not do so; and as the certificate could not be procured, he insisted on having his money back. The defendant proved also that Dobbs's improvement had continued vacant and unoccupied until the State of North Carolina took possession of the country. The plaintiff then introduced evidence to show the nature and (566) advantages of the certificates which the Indian agent, both before and after this transaction, was in the habit of giving, though it did not appear that there was any act of Congress or regulation in any of the departments of the Government of the United States in relation to them.
His Honor charged the jury "that if the evidence satisfied them that the defendant had undertaken to procure the certificate, and had failed to do so, the plaintiff was entitled to a verdict; that the amount of damages was a question for them; that the law implied that some damage was sustained by the breach of any contract; but unless the evidence satisfied them that the plaintiff had sustained real damage, it was their duty to find merely nominal damages; that the burden of proof lay upon the plaintiff, and it was for him to show the amount of damage to the satisfaction of the jury; otherwise they should, in such cases, find but a penny." The jury found a verdict for the plaintiff, and assessed his damages to fifty dollars. The defendant thereupon moved for a new trial, because the jury had found damages to the amount of $50, when the evidence only justified a verdict for nominal damages. This motion was overruled; and the defendant then submitted another motion for a new trial, because the court had not instructed the jury that there was no evidence to justify a verdict for more than nominal damages. This motion being also overruled and judgment pronounced, the defendant appealed. *Page 446 
On examination of the record in this case, we perceive no ground for reversing the judgment rendered below.
It is not in our power to revise the verdict of the jury on the question of damages. The Superior Court may grant a new trial on the ground of excessive damages, but that is a matter exclusively within their jurisdiction. Young v. Hairston, 3 Dev., 55.
(567) If we were to concede to the defendant that upon the evidence the plaintiff had a right to nominal damages only, there is no error in the charge of the judge, for, certainly as far as it goes, it is as favorable as the defendant could have asked. If he had required a more specific instruction to which in law he was entitled, and the court had declined to give it, he might then have assigned the refusal as error. A refusal may constitute error, but mere omission does not. Simpson v.Blount, 3 Dev., 34; Torrence v. Graham, 1 Dev. Bat., 284. The judgment is affirmed with costs.
PER CURIAM. Judgment affirmed.
Cited: Terry v. R. R., 91 N.C. 242; S. v. Bailey, 100 N.C. 534;Willey v. R. R., 96 N.C. 411; McKinnon v. Morrison, 104 N.C. 363;Goodson v. Mullen, 92 N.C. 212; Emry v. R. R., 109 N.C. 602; Edwards v.Phifer, 120 N.C. 406; Benton v. R. R., 122 N.C. 1010.