S. V. GOODSON, et als., v. J. MULLIN and A. J. DERR, Ex'rs., et als.

### *Damages—Discretion—Judgment.*

1. The Superior Courts may grant a new trial on the ground of excessive damages, but that is a matter exclusively within their discretion, and cannot be reviewed on appeal.

2. Where in an action for damage to land by ponding water on it, the jury found that the land was damaged eighty dollars per year, and His Honor gave judgment for a sum in gross, and not for each year's damages; *Held*, not to be erroneous.

(*Long* v. *Gantley*, 4 Dev. & Bat., 313; *McRae* v. *Lilly*, 1 Ired., 118; *Brown* v. *Morris*, 4 Dev. & Bat., 429; *Gillet* v. *Jones*, 1 D. & B., 339, cited and approved).

This was the defendant's appeal from the foregoing case, and was argued by the same counsel.

The facts appear in the opinion.

ASHE, J.   This is the defendant's appeal in the case between the same parties, decided at this term of the court on the appeal of the plaintiff, and reported *supra*.

The facts of this case, the instructions of the court, the finding of the jury, and the judgment are identically the same as in that case.

We are unable to discover in the record any error to the prejudice of the appellant which is reviewable in this court. The judgment of the court as we decided in that case, was correct, and in fact was more favorable to the defendant than the plaintiff; for the jury had assessed the damages against the defendant for three years prior to the commencement of the action, and the judge, as he had the right to do, corrected the error in the verdict of the jury, by rendering upon their finding, a proper judgment for the damages for only one year preceding the issuing of the summons.

The only error in the case of which the defendant could complain was that part of the verdict in which annual damages were assessed after the dam had been taken down.   But His Honor instructed the jury that they should take that fact into consideration in assessing the annual damages, and although the jury may have assessed excessive damages, that was a matter addressed exclusively to the discretion of the judge. "The Supreme Court cannot grant a new trial upon the ground that the verdict was against the evidence or the weight of evidence, that being a matter of discretion with the judge, who presides at the trial in the court below, which cannot be reviewed upon appeal." *Long* v. *Gantley*, 4 Dev. & Bat., 313; *McRae* v. *Lilly*, 1 Ired., 118; *Brown* v. *Morris*, 4 Dev. & Bat., 429.

The error mainly relied upon in the argument before this court was, that His Honor, in the court below, did not render judgment for each year's damage, according to the specific assessments made by the jury for each year's damage.

There is good reason why that should be done, when the damages are assessed for *five* years as high as twenty dollars a year, that the plaintiff might make his election and take judgment for only one year's damages and then resort to his common law remedy, or when the dam is taken down or lowered, that the defendant might, by a motion in the nature of *audita querela*, have the judgment modified or set aside, as the case might be for the residue. *Gillet* v. *Jones*, 1 Dev. & Bat., 339.

But when the damages are not to be assessed for the five years, as in this case, under the act 1876-'77, and the jury have assessed the same damages for each year, and the judgment is for the damages assessed for past years up to the trial, there can be no reason or necessity for rendering judgment for the several damages assessed for each year; "*cessante ratione, cessat lex.*"

There is no error in the judgment of the Superior Court. The judgment of the court is, therefore, affirmed.

No error. Affirmed.