J. J. E. LUCAS and wife v. CAROLINA CENTRAL RAILWAY COMPANY.

(Decided March 29, 1898.

*Action for Damages for Breach of Contract—Compromise Judgment—Injuries to Real Estate—Variance—Venue.*

1. An error as to the venue of an action is not now, as formerly, a defect affecting jurisdiction but only ground for a motion to remove which is waived unless the motion is made ·"in writing" and "before the time for answering expires."

2. In an action for breach of a compromise judgment entered in an action for damages to real estate in one county, there can be no recovery for damages to a different tract of land lying in an adjoining county which was not within the contemplation of the parties when the compromise was made.

PETITION by defendant to rehear case between same parties, decided at September Term, 1897, of this Court and reported in 121 N. C., at page 506.

*Messrs. J. D. Shaw* and *MacRae & Day* for defendant (petitioner).
*Messrs.. C. C. Lyon* and *Jones & Boykin,* contra.

CLARK, J.: In 1887 the plaintiffs brought an action against the defendant to recover damages for overflowing and impairing the value of the plaintiffs' land in Bladen county. In 1889 a compromise judgment was entered by which it was agreed that the defendant should pay the costs (including $100 to plaintiffs' attorney) which was done and should widen and deepen a certain ditch within 6 months, and the plaintiffs agreed to accept the same in full satisfaction. This action was brought for a breach of the said contract, or consent judgment, in that the aforesaid ditch had not been widened and deepened. At the close of the plaintiffs' evidence the defendant moved to remove the cause to Columbus County because it had been shown that the land alleged to have been damaged lay in that County. On the former argument (121 N. C., 506) this question of *venue* was pressed, and the Court held that the objection was taken too late, and besides was invalid because not made in writing, the Court adding "the other exceptions, though not abandoned, were neither insisted upon nor argued in this Court." We then understood that the tract of land damaged was the same as that mentioned in the original action, which, probably by a better ascertainment since of the location of the County line, had proved to be in Columbus in-

stead of Bladen County; indeed, the counsel for the plaintiff was understood to so state.

The proposition presented on this hearing is that the exception raised by the refusal of a prayer for instructions and not by the motion to remove, is not merely as to *venue*—as to which we reaffirm the former ruling—but of *variance*, in that, this action being for a breach of a consent judgment in an action brought for damages to the plaintiffs' home tract in Bladen county, the plaintiffs cannot recover damages in this action by reason of the overflowing of another and entirely different tract of land. This point is well taken. If the plaintiffs' 60 acre tract in Columbus County has been damaged by the wrongful act of the defendant, they can maintain their action in *tort* therefor, but they cannot recover such damages in an action brought upon the alleged breach of a compromise judgment entered in an action brought for damages to an entirely different tract of land in Bladen County. The objection now argued is not to the *venue* (though that might have availed if made below in apt time) but that damages to the 60 acre tract were not in the purview of the parties when the compromise was entered as to the damages claimed as to the home tract. There was error in the Court below for which a new trial must be granted.

Petition allowed.