H. F. BONEY v. ATLANTIC AND NORTH CAROLINA RAILROAD COMPANY.

(Filed 16 October, 1907).

**1. Nonsuit—Evidence—Safe Appliance—Fellow-servant Act.**

A refusal to nonsuit upon evidence that plaintiff was injured in consequence of using a defective hand car which he had theretofore repeatedly reported to his employer as defective, and had been promised another, is proper by reason of the fellow-servant act (Revisal, sec. 2646) and independently thereof.

**2. Contributory Negligence—Causal Connection—Instructions.**

When there is no causal connection between the act relied upon as constituting contributory negligence and the act which caused the injury, a prayer for special instruction based upon the former was properly refused.

**3. Same—Instructions—Proximate Cause.**

A prayer for special instructions as to contributory negligence which omits the doctrine of proximate cause is insufficient.

**4. Same.**

Plaintiff was in charge of a hand car of the defendant railroad company in the course of his employment, standing up and helping his men to run it. The car, while plaintiff was looking back at an approaching train, six miles away, flew the track, owing to a defect in its running gear, previously reported by him, and caused the injury. It does not clearly appear whether or not the car was taken from the track twenty minutes before the train passed, as required by defendant's rules: *Held*, that defendant's prayer for instruction that, upon these facts, eliminating the question of proximate cause, there was contributory negligence, was properly refused.

**5. Power of Court—Discretion—Excessive Damages—Appeal and Error.**

It is discretionary with the trial Judge to set aside a verdict for excessive damages, and his acts thereupon are not reviewable on appeal. *Wallace v. Railroad*, 104 N. C., 452; *Ruffin v. Railroad*, 142 N. C., 129, cited and approved as to a charge to the jury upon the question of damages.

WALKER, J., dissenting.

CIVIL ACTION, tried before *Long, J.,* and a jury, at May Term, 1907, of the Superior Court of LENOIR County, to

recover damages arising out of a personal injury received by plaintiff, alleged to have been caused by defendant's negligence.

From a judgment for plaintiff defendant appealed.

The facts sufficiently appear in the opinion of the Court.

*G. V. Cowper* and *Loftin & Varser* for plaintiff.
*Rouse & Land* and *L. I. Moore* for defendant.

CLARK, C. J. The plaintiff was injured in consequence of using a defective hand car, whose defects he had repeatedly reported to his superior, who had promised to furnish another hand car, but had failed to do so. The nonsuit was properly refused, both because of the fellow-servant law (Revisal, sec. 2646), which denies the defense of assumption of risk when an employee is injured "by any defect in the machinery, ways and appliances of the company" (*Coley v. Railroad,* 128 N. C., 534), and even independently of that statute, because the plaintiff had reported the defective hand car to his superior and had been promised another one. Labatt Master and Servant, p. 86 (b), and sec. 423, p. 1193.

The defendant relied on the defense of contributory negligence, but that issue was found in favor of the plaintiff. The acts complained of were that the plaintiff, in charge of the hand car, was standing up, helping his men work the lever up and down, running the car, and, looking back, saw the train, six miles off, and about this time the hand car flew the track, solely from the defect, previously reported, in its running gear. The rules of the company required the hand car to be taken off twenty minutes before the train passed. It is not clear whether the accident occurred twenty minutes before the train passed or not, but there was no causal connection between the passage of the train and the injury, and the jury so found. It may be that the Court might well have instructed the jury, if they believed the evidence, to find the issue of contributory negligence in the negative. Certainly the

defendant has no cause of complaint, for the Court gave the instructions asked by the defendant, with the proper modification, that if the conduct of the plaintiff should be found as stated in the plaintiff's prayers, and was the proximate cause of the injury, to answer the issue of contributory negligence "Yes"; otherwise, "No." Negligence, to bar a recovery, must be shown to be the proximate cause of the injury. *Baker v. Railroad*, 118 N. C., 1021; *Ramsbottom v. Railroad*, 138 N. C., 38, cited and approved; *Allen v. Railroad*, at this term.

The charge as to *quantum* of damages follows that approved in *Wallace v. Railroad*, 104 N. C., 452, and recently in *Ruffin v. Railroad*, 142 N. C., 129.

The amount of damages was a matter of fact of which the jury were the judges. If their finding was excessive, his Honor, who heard the evidence, had the corrective power to set it aside. His refusal to do so is not reviewable by us. This is well settled by numerous decisions of this Court. *Norton v. Railroad*, 122 N. C., 937, and cases there cited. There are States under the wording of whose Constitutions the appellate court can review the question of excessive damages, and it may not be improper to say that in those courts verdicts for damages for wrongful death and for personal injuries sustained by employees and others by reason of negligence in operating railroads, much greater in amount than those ordinarily returned by juries in cases coming up to this Court, have been sustained as not excessive.

No Error.

WALKER, J., dissenting: I wish that I could fully concur with my associates in the decision of this case, because I regard the neglect of the defendant to repair the hand car, if the evidence is to be believed, as not only gross, but cruel. It is one of the first duties of the master to care for the safety of his employees, and, in the discharge of that duty, to use reasonable care in furnishing him with such tools and imple-

ments to perform his work as will not unnecessarily expose him to danger. *Marks v. Cotton Mills,* 135 N. C., 287; *Witsell v. Railroad,* 120 N. C., 557; *Hicks v. Manufacturing Co.,* 138 N. C., 319. That duty was not performed in this case, as the jury evidently found; and if this were all, I would not hesitate to give my assent to the conclusion of the Court. But it is not, by any manner of means. It appears here that the servant knowingly and deliberately violated the defendant's orders to remove the hand car from the track at least twenty minutes before the passage of a train—freight or passenger. The plaintiff actually saw a train approaching, and knew that it was on its schedule time. If he had complied with the rule and the instruction of his employer, the accident would not have occurred; and the master's default, while gross and inexcusable, was not the proximate cause of his injury, as it must be to entitle him to a verdict, but his own neglect in disobeying orders. Besides, it is perfectly apparent, from the nature of the accident and the manner in which it occurred, that it was not the result of the particular defect in the hand car complained of, but was produced by the effort of the plaintiff to reach a point beyond that where he should have removed the hand car from the track. If he had complied with explicit orders he would not have been hurt. This Court has held repeatedly that, where an injury is caused by a departure from the employer's instructions to his servant, the latter is not entitled to recover, because he is considered as the author of his own injury, *volunti non fit injuria,* and it is not within the terms of the contract of employment that the master should protect him from such an injury. *Whitson v. Wrenn,* 134 N. C., 86; *Stewart v. Carpet Co.,* 138 N. C., 60, and, as being more directly in point, *Hicks v. Manufacturing Co.,* 138 N. C., 319, where the principle is clearly and definitely stated by *Justice Hoke* for this Court. We have also laid down the same doctrine at this term in *Patterson v. Lumber Co.* While the plaintiff has my sympathy in his

misfortune, decisions of this Court cannot be based upon sympathy, but must be founded upon the law, as we said in *Crenshaw v. Street Railway,* 144 N. C., 314.

There was just as much causal connection between the plaintiff's negligent act and the injury in this case as there was in any of those cases we have cited, wherein the servant was denied the right of recovery, and there are many more decisions which might be cited to the same effect.