MRS. MINNIE C. KEIGER v. L. E. SPRINKLE, J. A. SPRINKLE, AND J. H. SPRINKLE, ADMINISTRATORS OF J. B. SPRINKLE.

(Filed 27 February, 1935.)

**1. Executors and Administrators D b—Under evidence in this case there was no presumption that services rendered father by daughter were gratuitous.**

The evidence in this case, considered in the light most favorable to plaintiff upon defendant's motion as of nonsuit, tended to show that plaintiff was married and lived with her family, that her father visited her in her home for several months each year during the last years of his life, that her father was old, and that plaintiff nursed him, washed his linen, cared for him and bought medicine and special food for him, and that her father stated to third persons that he wished to pay plaintiff for her services. After her father's death plaintiff brought this action against his administrators to recover the value of the services: *Held*, under the evidence the relationship between plaintiff and her father did not raise the presumption that the services rendered by plaintiff were gratuitous.

**2. Appeal and Error G c—**

Exceptions in the record which are not set out in appellant's brief, or in support of which no argument is stated or authority cited, will be taken as abandoned. Rule 28.

**3. Appeal and Error J e—**

Error in the charge of the court in this case *is held* cured, or at least rendered not prejudicial, by other portions of the charge on the same aspect of the case and the final instructions of the court.

**4. Trial E f—**

A slight oversight of the court in calculating the length of time for which plaintiff was entitled to compensation for services rendered will not be held for prejudicial or reversible error when the oversight was not called to the court's attention so that it could be corrected, and it appears from the verdict of the jury that no harm resulted therefrom.

**5. Trial I a—**

In this action to recover for services rendered deceased, an exception that recovery should have been based upon the claim filed with the administrators is not sustained in view of the verdict of the jury, the claim filed with the administrators being in evidence.

APPEAL by defendants from *Hill, J.,* and a jury, at 23 July, 1934, Special Term. From FORSYTH. No error.

This is an action brought by plaintiff against the defendants, administrators of J. B. Sprinkle, to recover $2,500 for services rendered by plaintiff to J. B. Sprinkle, and expenditures which she made on behalf of the said J. B. Sprinkle, deceased.

The judgment in the court below is as follows: "This cause coming on to be heard and being heard before his Honor, Frank S. Hill, judge

presiding at the 23 July, 1934, Special Term of Superior Court for
Forsyth County, and a jury, and the jury having answered the issues
as hereinafter set out, as follows: (1) Did plaintiff render personal
services to defendant's intestate, as alleged in the complaint? A. 'Yes.'
(2) Did defendants' intestate pay for such services during his lifetime,
as alleged in the answer and further defense? A. 'No.' (3) What
amount, if any, is the plaintiff entitled to recover of the defendants?
A. '$1,920.' It is therefore ordered, adjudged, and decreed that the
plaintiff recover of the defendants the sum of one thousand nine hundred
and twenty dollars ($1,920); and that the costs of this action be taxed
against the defendants. This 3 August, 1934. Frank S. Hill, Judge
presiding."

The defendants made numerous exceptions and assignments of error
and appealed to the Supreme Court. The material ones and necessary
facts will be set forth in the opinion.

*Jackson & Swain and Wm. H. Boyer for plaintiff.*
*Slawter & Wall and O. L. Snow for defendants.*

CLARKSON, J. At the close of plaintiff's evidence and at the close of
all the evidence, the defendants made motions for judgment as in case of
nonsuit. C. S., 567. The court below overruled these motions, and in
this we can see no error.

The evidence on the part of the plaintiff, taken in the light most
favorable to plaintiff with all reasonable inferences, was to the effect
that the defendants' intestate, J. B. Sprinkle, was 86 years of age when
he died. His death occurred at the home of plaintiff, where he had
been in declining health for several years prior to his death, and had
been in bed 30 or 35 days before he died. He died on 13 February,
1933. The plaintiff was a daughter of J. B. Sprinkle, married and had
her own home and family, and was living separate and apart from her
father, J. B. Sprinkle. For about six years before his death he lived
nearly half of each year with plaintiff, who took care of him and spent
several hundred dollars for extra food, medicine, etc. The defendants
denied the material allegations of the complaint, pleaded payment and
the statutes of limitation.

Beulah Keiger testified, in part: "I am a daughter of Mrs. Minnie C.
Keiger and Mr. J. B. Sprinkle was my grandfather. Mr. Sprinkle was
there in our home during the winter months all the time for the last
three years I know of. My mother waited on him some and so did I.
My mother just looked after him like a nurse would, cleaned his clothes
and his bed for him and never would let him go out by himself unless
one of us went with him, because he wasn't able. I have heard my

mother up at nights attending to Grandpa. She would clean his bed.
. . . My mother gave him the front bedroom, which was my mother's
and father's room. My mother furnished the coal. She bought him
lettuce and fish and other vegetables that he could eat. He couldn't eat
the same things we did. I saw my mother purchase those things and
I bought some myself. My mother paid for those she bought. Some-
times I would give my mother money, and my brother, J. Lee Keiger,
gave her money. He works at the Indera Mills, is secretary and treas-
urer. I have seen my other brother give my mother money also. My
mother laundered my grandfather's clothing and bed linen," etc.

The testimony of other witnesses was to the same effect. There was
evidence that the value of the services rendered was as much as $25.00
a week other than extra food, medicine, etc.; that J. B. Sprinkle, several
years before he died, in talking about his feebleness, told Mrs. A. J.
Duke "that he had made arrangements with Mrs. Keiger (the plaintiff)
—Minnie he called her—for her to have pay, and be well paid for what
she had done for him and was doing on. . . . He would rather stay
there with Mrs. Keiger for she was good and kind to him; that she had
been better to him and done more for him than all the rest."

C. L. Loflin testified, in part: "Mrs. Keiger gave up her room to him
when he was so he couldn't be up and about, and she did the most of the
washing of his bed linen, which was in very bad condition, etc. It was
in the last three years she waited on him like that, anywhere from five to
seven months in the year, when he would be in and out from there.
The best I remember, the last time I had a conversation with him rela-
tive to seeing Mrs. Keiger repaid was in the fall, some time not far from
the time he attended that corn shucking, the fall before he died. I know
they had to buy some things for him to eat. He couldn't eat things
like the others in the family. I have never seen anyone attending on
Mr. Sprinkle in her home but Mrs. Keiger. Mrs. Keiger bought medi-
cines for him. In my opinion, the value of the special diet and medi-
cines would be from six to eight dollars a week, and for her services
from fifteen to twenty dollars a week. I have no interest in this case."

In *Hauser v. Sain, Admrs.*, 74 N. C., 552 (555-6), the trial court
charged the jury: "That if there was no special contract as to the serv-
ices, that as the plaintiff was some twenty-six or twenty-seven years old
when the last services within the statute of limitations were rendered,
the law raised a presumption of a promise to pay what the plaintiff's
services were worth, and that this presumption was not rebutted by the
relations of the parties or the circumstances of the case."

This Court said (at p. 556): "In regard to an implied contract, we
see no error in the charge. When one person renders service to another,
the law implies a promise to pay what the services are reasonably worth.

This is admitted to be the general rule, but it is insisted for the defendant that the relation of granddaughter and grandfather rebutted this implication and imposed on the plaintiff the burden of proving an express contract; otherwise, it will be presumed that the services were rendered gratuitously. We can see no reason for this doctrine." *Wood v. Wood,* 186 N. C., 559; *Brown v. Williams,* 196 N. C., 247; *Lipe v. Trust Co., post,* 794. Under the facts and circumstances of this case, there is no presumption of gratuity.

Rule 28 (200 N. C., 831), in part, is as follows: "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him."

Many exceptions and assignments of error made by defendants, in accordance with the above rule, are abandoned. The court below charged the jury as follows: "Now, gentlemen, if upon all the evidence the plaintiff has satisfied you by the greater weight of the evidence, giving due heed to the presumption heretofore called to your attention by the court, if the plaintiff has satisfied you from the evidence, and by its greater weight, that she rendered valuable services and services of any considerable magnitude to her father during the last years of his life, while he was in her home, and he received those services voluntarily, accepted them knowingly, then the court instructs you that, nothing else appearing, a presumption would arise that he intended to pay, and that the plaintiff performed the services with the expectation of receiving pay for those services, and that an implied contract would arise in favor of the plaintiff and against the administrators of the estate of J. B. Sprinkle, deceased (and unless you should further find from the evidence, and by its greater weight, or from circumstances, that the presumption has been overcome and that there was no intent to pay on the part of the deceased, or you should find that there was no expectation of payment, then the court instructs you that you would be authorized in answering the first issue 'Yes')." To the above in parentheses, defendants excepted and assigned error. All through the charge many times the court placed the burden of the issue on plaintiff.

Later the court charged the jury: "The court has heretofore instructed you—*and you will consider this as the final instruction with reference to this first issue*—if you find from the evidence, and by its greater weight, the burden being upon the plaintiff, that she in her own home rendered services of considerable magnitude to her father, and that he knowingly received those services and knowingly accepted those services, then the court instructs you there would be a presumption of an implied contract, that is, there would be a presumption that he intended to pay, and that she intended to charge for the services that she

rendered and, nothing else appearing, she would be entitled to recover the reasonable value of those services such as she rendered within the time heretofore specified and referred to by the court, provided such services had not been paid for."

We think that "and by its greater weight" an inadvertence, and cured by the "final instruction" on the issue; at least, there is no prejudicial or reversible error.

The exception and assignment of error as to the time which plaintiff was entitled to recover cannot be sustained. The slight mathematical calculation made by the court below as to the length of time for which plaintiff was entitled to recover was not called to the attention of the court, so the oversight could be corrected. *Davis v. Keen,* 142 N. C., 496 (502); *Sears v. R. R.,* 178 N. C., 285 (287). If error, we do not think it prejudicial or reversible.

The last exception and assignment of error was to the effect that the amount of recovery should be based on the claim filed with the administrators. We do not think this exception and assignment of error can be sustained. The plaintiff sued for $2,500, but had rendered an itemized bill to defendants for $2,550. This bill was in evidence for the jury to consider. Taking the verdict based on the evidence as to the value of services rendered and money spent for extra food, medicine, etc., furnished for the period recovery was allowed, we think there is no prejudicial or reversible error.

For the reasons given, in the judgment of the court below we find

No error.