JESSIE FROY FRANCIS v. W. B. FRANCIS AND MARSHALL FRANCIS, ADMINISTRATORS OF J. J. FRANCIS, DECEASED.

(Filed 29 September, 1943.)

**1. Executors and Administrators § 15d: Contracts § 5—**

Where certain family relationships exist, the performance of valuable services by one member of the family for another, within the unity of the family, is presumed to have been rendered pursuant to a moral or legal obligation and without expectation of compensation; but this is a presumption which may be overcome by proof of an agreement to pay, or of facts and circumstances permitting the inference that payment was intended on the one hand and expected on the other.

**2. Same—**

The rule, that services within the family unity are presumed to be gratuitous, is not recognized in this State to such an extent as to raise the presumption against a daughter-in-law or a son-in-law.

**3. Trial § 49: Appeal and Error § 37b—**

The allowance or denial of a motion to set aside the verdict, on the ground of an excessive recovery, is within the sound discretion of the trial judge.

APPEAL by defendants from *Johnson, Special Judge,* at March Term, 1943, of NORTHAMPTON. No error.

This was an action to recover for services rendered defendants' intestate. Plaintiff's evidence tended to show that she was daughter-in-law of the decedent, lived in the home with him and performed needed personal services for him during several years preceding his death when he was in ill health following a paralytic stroke. Defendants' evidence tended to show the services were gratuitous, were in consideration of gifts to plaintiff and her husband, and were of less value than claimed.

In response to issues submitted to them the jury found that plaintiff rendered the services to defendants' intestate as alleged, and that at the time payment therefor was intended by the decedent and expected by the plaintiff. Substantial recovery was awarded.

From judgment on the verdict, defendants appealed.

*Gay & Midyette for plaintiff.*

*Eric Norfleet, Lloyd J. Lawrence, R. Jennings White, and Russell H. Johnson for defendants.*

DEVIN, J. Defendants contend that their motion for judgment of nonsuit should have been allowed, for the reason that the plaintiff was the daughter-in-law of the decedent, living with him in his home as a member of the family, and hence was under obligation to render household and personal services without additional compensation. They point out that there was no express contract to pay, and that under the circumstances the legal presumption that the services were gratuitously rendered has not been successfully rebutted.

The legal principles involved seem to have been well settled by the decisions of this Court. The general rule that the performance of valuable services for one who knowingly and voluntarily accepts the benefit thereof raises the implication of a promise to pay, is subject to the modification that, where certain family relationships exist, services performed by one member of the family for another, within the unity of the family, are presumed to have been rendered in obedience to a moral obligation and without expectation of compensation. *Winkler v. Killian,* 141 N. C., 575, 54 S. E., 540; *Brown v. Williams,* 196 N. C., 247, 145 S. E., 233; *Keiger v. Sprinkle,* 207 N. C., 733, 178 S. E., 666. "But," said *Stacy, C. J.,* in *Nesbitt v. Donoho,* 198 N. C., 147, 150 S. E., 875, "this is a presumption which may be overcome by proof of an agreement to pay, or of facts and circumstances permitting the inference that payment was intended on the one hand and expected on the other."

In the most recent case in which this question was considered, *Landreth v. Morris,* 214 N. C., 619, 200 S. E., 378, the Court declined to give

effect to the presumption of gratuitous service in a case where the services were rendered by a daughter-in-law to her father-in-law. *Justice Seawell,* delivering the opinion, uses this language: "As to the *feme* plaintiff, the daughter-in-law, we note the rule that in this State the fact of 'family unity,' of itself, is not sufficient to give rise to the presumption of gratuitous service; there must also be a certain relationship between the parties from which it may be supposed the services were referable to some moral or legal duty which the servitor recognizes as impelling. . . . It cannot be said that usage in this State recognizes the moral responsibility of a daughter-in-law, or a son-in-law, to such an extent as to raise a presumption of gratuitous service arising out of that relation. The presumption is adopted in *Callahan v. Wood, supra* (118 N. C., 752, 24 S. E., 542), repudiated in *Dunn v. Currie,* 141 N. C., 123, 53 S. E., 533; ignored in *Henderson v. McLain,* 146 N. C., 329, 59 S. E., 873; and denied in *Nesbitt v. Donoho,* 198 N. C., 147, 150 S. E., 875."

Applying those principles to the facts in the case at bar, we think there was evidence, considered in the most favorable light for the plaintiff, tending to show that plaintiff's services were, at the time, intended to be paid for by the decedent, and were rendered by the plaintiff with that expectation. The motion for judgment of nonsuit was properly denied.

The defendants assign error in the ruling of the trial court with respect to certain testimony admitted over defendants' objection and to which exceptions were noted, but from an examination of the record we find no prejudicial error in the rulings complained of. Certain questions propounded to defendants' witnesses were excluded by the court, but the record does not disclose what answers, if any, the witnesses would have made, hence no error is apparent. Defendants also assign error in the court's instructions to the jury as to the reasonable value of the plaintiff's services, on the ground that no definite basis for determining the amount was shown. We think, however, this was properly left to the jury, the particular services rendered having been described in detail by plaintiff's witnesses.

In their brief and oral argument defendants suggest error in certain other of the court's instructions to the jury, but in the absence of timely exception, or assignment of error based thereon, these questions are not properly presented for our decision.

The defendants' exception to the denial of their motion that the verdict be set aside on the ground that the recovery was excessive does not avail them on appeal to this Court, since the motion was addressed to the sound discretion of the trial judge and no abuse of discretion is suggested.

In the trial we find

No error.