J. J. HINTON v. ARCHIE CLINE AND WILLIAM FREEMAN.

(Filed 12 June, 1953.)

Trial § 49½—

A motion to set aside the verdict on the ground that the damages awarded were inadequate is addressed to the discretion of the trial court, and the denial of the motion will not be held for error when abuse of discretion does not appear.

APPEAL by plaintiff from *Bone, J.,* and a jury, at September Term, 1952, of ALAMANCE.

Civil action arising out of a collision between two motor vehicles proceeding along the highway in the same direction.

The accident happened on United States Highway 29 near Landis in Rowan County on 17 November, 1950, when an automobile driven by the plaintiff J. J. Hinton overtook and attempted to pass a truck owned by the defendant Archie Cline. The truck was operated by the defendant William Freeman, an employee of Cline, who was carrying out a business mission for his employer. The plaintiff sought damages from the defendants Cline and Freeman for injury to his person upon a complaint charging that such injury was caused by the actionable negligence of Freeman in the management of Cline's truck. The defendants denied this charge, and pleaded contributory negligence on the part of the plaintiff as an affirmative defense.

Both sides offered evidence at the trial. These issues were submitted to the jury: (1) Was the plaintiff injured in his person through the negligence of the defendants, as alleged in the complaint? (2) If so, did plaintiff by his own negligence contribute to his injury and damage, as alleged in the answer? (3) What damages, if any, is the plaintiff entitled to recover of the defendants? The jury answered the first issue "Yes," and the second issue "No," and the third issue "$50.00."

The plaintiff moved the trial judge to set the verdict aside and award him a new trial on the ground that the damages were inadequate. The trial judge denied the motion, and rendered judgment for plaintiff for $50.00 and costs. The plaintiff excepted and appealed.

*H. Clay Hemric for plaintiff, appellant.*
*Long & Long and Paul H. Ridge for defendants, appellees.*

ERVIN, J. The plaintiff assigns as error the refusal of the trial judge to set the verdict aside and award him a new trial on the ground of inadequacy of the damages.

The granting or the denying of a motion for a new trial on the ground that the damages assessed by the jury are excessive or inadequate is within the sound discretion of the trial judge. *McClamroch v. Ice Co.,* 217 N.C. 106, 6 S.E. 2d 850; *Johnston v. Johnston,* 213 N.C. 255, 195 S.E. 807; *Waller v. Hipp,* 208 N.C. 117, 179 S.E. 428; *Blum v. R. R.,* 187 N.C. 640, 122 S.E. 562; *Hoke v. Whisnant,* 174 N.C. 658, 94 S.E. 446; *Harvey v. Railroad Company,* 153 N.C. 567, 69 S.E. 627; *Billings v. Observer,* 150 N.C. 540, 64 S.E. 435; *Braddy v. Elliott,* 146 N.C. 578, 60 S.E. 507; *Boney v. Railroad,* 145 N.C. 248, 58 S.E. 1082; *Slocumb v. Construction Co.,* 142 N.C. 349, 55 S.E. 196; *Phillips v. Telegraph Co.,*

130 N.C. 513, 41 S.E. 1022; *Burns v. Railroad,* 125 N.C. 304, 34 S.E. 495; *Benton v. Collins,* 125 N.C. 83, 34 S.E. 242, 47 L.R.A. 33; *Benton v. Railroad,* 122 N.C. 1007, 30 S.E. 333; *Norton v. Railroad,* 122 N.C. 910, 29 S.E. 886; *Goodson v. Mullin and Derr,* 92 N.C. 211; *Brown v. Morris,* 20 N.C. 565; *Young v. Hairston,* 14 N.C. 54. His decision on the motion will not be disturbed on appeal unless it is obvious that he abused his discretion. *Lamm v. Lorbacher,* 235 N.C. 728, 71 S.E. 2d 49; *Francis v. Francis,* 223 N.C. 401, 26 S.E. 2d 907; *Freeman v. Bell,* 150 N.C. 146, 63 S.E. 682.

An abuse of discretion does not appear in the case at bar. Indeed, the evidence at the trial was consistent with the view that the plaintiff's personal injuries were limited to temporary bruises.

No error.