MINNIE MAE DAVIS MILLAS v. LESLIE R. COWARD.

(Filed 21 October, 1959.)

**1. Negligence § 19c—**

Nonsuit on the ground of contributory negligence is proper only when plaintiff's own evidence shows contributory negligence so clearly that no other reasonable conclusion or inference can be legitimately deduced therefrom.

**2. Trial § 49½—**

A motion for a new trial for inadequacy or excessiveness of the award is addressed to the discretion of the trial court, and his ruling thereon is not reviewable in the absence of abuse of discretion.

**3. Appeal and Error § 38—**

An assignment of error not supported by reason or argument or authority in the brief is deemed abandoned.

HIGGINS, J., not sitting.

APPEAL by defendant from *Fountain, S. J.,* May Term, 1959, of LENOIR.

Civil action to recover damages for personal injuries resulting from plaintiff being struck by an automobile driven by defendant, when she was walking across the intersection of Queen and Bright Streets in the city of Kinston.

The jury by its verdict found that plaintiff was injured by the negligence of the defendant, that she was free from contributory negligence, and awarded damages in the amount of $7,719.30.

From judgment in accordance with the verdict, defendant appeals.

*White & Aycock for plaintiff, appellee.*
*Whitaker & Jeffress for defendant, appellant.*

PER CURIAM. Defendant concedes in his brief "there was sufficient evidence of negligence for a finding against the defendant," but contends that plaintiff should have been nonsuited at the close of the evidence, for the reason that she was guilty of contributory negligence as a matter of law, as shown by her own evidence.

It is well established law by our decisions that a motion for judgment of nonsuit on the ground of contributory negligence shown by plaintiff's evidence will be allowed only when plaintiff's evidence tending to show contributory negligence is so clear that no other reasonable conclusion or inference can be legitimately made or deduced therefrom. *Johnson v. Thompson,* 250 N.C. 665, 110 S.E. 2d 306; *Keener v. Beal,* 246 N.C. 247, 98 S.E. 2d 19; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307. When plaintiff's evidence is tested by this principle of law, it becomes manifest that the question of whether plaintiff was guilty of contributory negligence was for the jury, and that the trial court properly overruled the motion of defendant for a compulsory nonsuit.

Defendant assigns as error the failure of the court to set aside the verdict and award a new trial. His argument in his brief in support of this assignment of error is that the verdict for $7,719.30 is unreasonable and excessive and disproportionate to the injuries sustained by plaintiff.

The granting or denial of a motion for a new trial on the ground that the damages assessed by the jury are excessive or inadequate is within the sound discretion of the trial judge. *Hinton v. Cline,* 238 N.C. 136, 76 S.E. 2d 162, and the many cases there cited. His decision on the motion will not be disturbed on appeal unless it is obvious that he abused his discretion. *Hinton v. Cline, supra; Lamm v. Lorbacher,* 235 N.C. 728, 71 S.E. 2d 49; *Francis v. Francis,* 223 N.C. 401, 26 S.E. 2d 907; *Freeman v. Bell,* 150 N.C. 146, 63 S.E. 682.

An abuse of discretion does not appear in the case *sub judice.*

The assignment of error as to the charge is deemed abandoned for the reason that in appellant's brief no reason or argument in support of it is stated or authority cited. Rule 28 of Rules of Practice in the Supreme Court, 221 N.C. 562.

The only other assignment of error is to the signing of the judgment.

All assignments of error are overruled.

No error.

HIGGINS, J., not sitting.