MORRIS L. KIGHT v. DENNIS JOSEPH SEYMOUR AND DENNIS JOSEPH SEYMOUR, JR., BY HIS GUARDIAN AD LITEM DENNIS JOSEPH SEYMOUR.

(Filed 24 February, 1965.)

1. **Automobiles §§ 41a, 41c—** Negligence of one motorist may be proximate cause of collision between two other motorists.

Evidence tending to show that defendant driver was traveling some 75 miles per hour and attempted to pass another vehicle proceeding in the same direction when plaintiff was approaching from the opposite direction, that defendant driver did not slacken speed and struck the car he was attempting to pass, causing the driver of that car to lose control and swerve across the highway and crash into plaintiff's automobile, *held* sufficient to be submitted to the jury on the issue of negligence, whether defendant's negligence was the proximate cause of the accident being for the jury under the evidence, notwithstanding defendant's car did not collide with plaintiff's vehicle.

2. **Automobiles § 55—**

Evidence that the son was driving the car owned by the father for use of the family and was driving with the father's knowledge and permission is sufficient to be submitted to the jury on the question of agency under the family purpose doctrine.

3. **Damages § 12—**

Where plaintiff introduces some competent evidence that his injuries were permanent, the introduction of the Mortuary Tables in evidence is not error. G.S. 8-46.

4. **Trial § 52—**

Motion to set aside the verdict on the ground that the damages were excessive is addressed to the discretion of the trial court and is not reviewable in the absence of abuse of discretion.

APPEAL by defendants from *Fountain, J.,* September 1964 Session of CAMDEN.

Action in tort to recover for personal injuries and damages to an automobile allegedly caused by the actionable negligence of Dennis Joseph Seymour, Jr., an infant who is defended here by a guardian *ad litem,* in the operation of a family purpose automobile, owned by his father Dennis Joseph Seymour, with his father's consent, knowledge and as his agent.

Plaintiff and defendants offered evidence. The jury found by its verdict that plaintiff was injured and his automobile was damaged by defendants' negligence, as alleged in the complaint, that plaintiff did not by his negligence contribute to his injuries and damages to his automobile as alleged in the answer, and awarded $15,000 damages for personal injuries and $535 for damages to plaintiff's automobile.

From a judgment in accord with the verdict, defendants appeal.

*LeRoy, Wells & Shaw by Charles C. Shaw, Jr., for defendant appellants.*

*John T. Chaffin for plaintiff appellee.*

PER CURIAM.　Defendants assign as error the denial of their motion for judgment of compulsory nonsuit made at the close of all the evidence.

Plaintiff's evidence would permit a jury to find the following facts: State Highway No. 343 is a two-lane highway, and runs between Camden and Shiloh in Camden County in a general east-west direction. A few minutes after 11 p.m. on 9 August 1961, plaintiff, a man 30 years old, was driving his automobile eastwardly on this highway toward Shiloh at a speed of 50 to 55 miles an hour in his right lane of traffic. The highway was straight and level. It was a clear night, without fog or rain or drizzle. About 350 to 400 feet ahead, he saw approaching him on the highway two automobiles, one behind the other, traveling, in his opinion, at a speed of 75 to 80 miles an hour. The front automobile approaching him was driven by Richard Mansfield, Jr.: the automobile behind the Mansfield automobile was driven by Dennis Joseph Seymour, Jr. When these approaching automobiles were 350 to 400 feet from him, Seymour pulled his automobile into his left lane of traffic to pass the Mansfield automobile. When he saw the Seymour automobile turn into the left lane of traffic to pass the Mansfield automobile, he put his foot on his brake. He just eased it, because he thought Seymour would see him coming head-on and drop back behind the Mansfield automobile. Seymour did not slacken the speed of his automobile, but came straight on. Whereupon, he applied his brakes hard and began pulling to the shoulder of the road on his right. He slowed his automobile to less than 10 miles an hour, and had two wheels of it on the highway and two on the shoulder. The Seymour automobile and the Mansfield automobile continued to come on without slackening speed. The Seymour car came in between his automobile and the Mansfield car, striking the Mansfield car. Then the Mansfield car crossed over into its left lane of traffic and crashed into his automobile. His automobile was not struck by the Seymour automobile. In the collision he sustained personal injuries and his automobile was practically demolished. From these facts the jury could draw these reasonable inferences and conclusions: Dennis Joseph Seymour, Jr., was operating the automobile, as alleged in the complaint, in violation of G.S. 20-140, the reckless driving statute; at a rate of speed greater than was reasonable and prudent under existing conditions and at a rate of 75 miles an hour in violation of G.S. 20-141(a) and (b)4; in driving to the left side of the center of the highway and attempting

to overtake and to pass another automobile proceeding in the same direction when the highway ahead was not free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety, in violation of G.S. 20-150(a); and in failing to keep a proper lookout in the direction he was traveling; and that by reason of such negligence on his part in the operation of the automobile he struck the automobile of Mansfield and caused the Mansfield automobile to swerve across the highway and crash into plaintiff's automobile; and that the resulting collision of the Mansfield automobile with plaintiff's automobile followed so quickly and is so connected with the negligence of Seymour that Seymour's negligence constituted a direct and continuous chain of events that made it a proximate cause of plaintiff's injuries and damage to his automobile, and that any person of ordinary prudence could have reasonably foreseen that such a result was probable under the facts as they existed. Plaintiff's evidence is amply sufficient to carry the case to the jury as against Seymour, Jr. Plaintiff's evidence, and defendants' evidence, shows that Seymour, Jr., was operating the family purpose automobile owned by his father, with his father's knowledge and permission and as his agent, so as to impose liability on Seymour, Sr., for the negligent operation of his family purpose automobile by his son. Strong's N. C. Index, Vol. 1, Automobiles, § 55. There is no evidence in the record to show that plaintiff was guilty of contributory negligence as a matter of law. The court properly denied plaintiff's motion for a judgment of compulsory nonsuit.

Defendants assign as error the admission in evidence, over their objection, of the Mortuary Tables, G.S. 8-46, on the ground plaintiff has no evidence his injuries were of a permanent nature, and rely on *Hunt v. Wooten*, 238 N.C. 42, 76 S.E. 2d 326. This assignment of error is overruled. Dr. George A. Duncan is a specialist in orthopedic surgery practicing in Norfolk, Virginia. Defendants stipulated he is an expert in the field of orthopedics. He examined plaintiff. He testified: "My opinion is the collision could have caused the back sprain. When I saw him I thought he had some permanent disability."

Defendants' assignments of error to the charge have been examined and are overruled. The judge's charge fairly and accurately declared and explained the law arising on the evidence given in the case. The jury under application of well-settled principles of law resolved the issues of fact against the defendants.

There is no merit to defendants' assignment of error that the judge abused his discretion in refusing to set the verdict aside because it was excessive. The trial judge's decision on this motion will not be disturbed on appeal unless it is obvious that he abused his discretion, and no such

abuse of discretion appears. *Hinton v. Cline,* 238 N.C. 136, 76 S.E. 2d 162.

In the trial below we find

No error.