Brown v. Moore

---

EVELYN B. BROWN, ADMINISTRATRIX OF THE ESTATE OF MICHAEL RAY BROWN, DECEASED v. EDWARD MICHAEL MOORE

No. 7418SC431

(Filed 17 July 1974)

1. Trial § 43— correction of verdict by jury
   Where the jury in a wrongful death action answered the issue of compensatory damages, "Expenses for funeral, burial plot and ambulance, as cited in Court," the trial court did not err in permitting the jury to correct its improper verdict by substituting the sum of such expenses as its verdict on the damages issue.

2. Trial § 52— setting aside verdict for inadequacy
   The trial court in a wrongful death action did not err in refusing to set aside for inadequacy a verdict which compensated plaintiff only for funeral, burial plot and ambulance expenses.

APPEAL by plaintiff from Long, Judge, 7 January 1974 Session of Superior Court held in GUILFORD County. Heard in the Court of Appeals on 8 May 1974.

This is a wrongful death action wherein the plaintiff, Evelyn B. Brown, Administratrix of the estate of Michael Ray Brown, seeks to recover damages from defendant, Edward Michael Moore, for the death of her 17 year old son, who was fatally injured in a one-car wreck which occurred on a rural paved road in Davidson County, North Carolina, approximately one mile south of High Point. At the time of the accident, the plaintiff's son was a passenger in the car being driven by defendant.

At trial, the plaintiff presented the testimony of the investigating highway patrolman who testified that the accident occurred on a sharp curve on a rural road where the speed limit was 55 miles per hour. The officer stated that the defendant told him after the accident that he was "going something less than a hundred" just prior to losing control of the vehicle.

Terry Lee Gray, another passenger in the defendant's vehicle on the night of the accident, testified that the boys had been riding around most of the evening. Gray described the events preceding the accident as follows:

"Prior to the time he started speeding where the speed limit changed, I had no reason to fear riding with him. At the point where he did start speeding, I asked him to slow down several times. He didn't say anything. He didn't slow down. As we started into the curve where the wreck happened, I told him, 'Since you are not going to slow down, I am going to get in the back', so I started to get in the back and he told me he didn't blame me for getting in the back, so I went ahead and got in the back seat. I mentioned the curve to him prior to approaching the curve and getting in the back seat. I told him there was a bad curve coming up and we might not make it. While I was climbing over the back seat and going into that curve, Mike Brown told Mike to hold the car inside and work his way out in the curve. Mike Brown did not say anything else while we were on Burton Street Extension before that time."

The plaintiff also offered evidence tending to show that her son had a good reputation in the community where he lived.

Defendant testified, and his version of the accident did not differ in material part from plaintiff's evidence.

The following issues were submitted and answered by the jury as indicated:

"1. Was the plaintiff's intestate, Michael Ray Brown, injured by the negligence of the defendant, Edward Michael Moore?

Answer: Yes

2. Did Michael Ray Brown, by his own negligence, contribute to his injury?

Answer: Yes

3. Was the plaintiff's intestate, Michael Ray Brown, injured by the wilful and wanton negligence of the defendant, Edward Michael Moore?

Answer: Yes

4. What amount, if any, should the plaintiff recover of the defendant for compensatory damages?

Answer: $2,756.84

5. What amount, if any, should the plaintiff recover of the defendant for punitive damages?

Answer: None."

From entry of judgment on the verdict, plaintiff appealed.

*Floyd & Baker by Walter W. Baker, Jr., for plaintiff appellant.*

*Henson, Donahue & Elrod by Perry C. Henson and Sammy R. Kirby for defendant appellee.*

HEDRICK, Judge.

In her brief, plaintiff states that:

"The main thrust of the appeal is that the verdict should have been set aside as being inadequate and all assignments of error are directed to this contention."

By assignments of error numbers 5 and 6, plaintiff contends the court erred in "allowing and instructing the jury to correct their improper verdict," and in denying her motion to set aside the verdict for inadequacy. When the jury returned to the courtroom and announced that it had reached a verdict, the record discloses the following:

"THE COURT: Members of the Jury, here instead of a sum you have put in here 'Expenses for funeral, burial plot and ambulance, as cited in Court.' Now, I am aware that you didn't take notes, but the law would require that you answer that in a sum. If you like, I think we could probably stipulate as to what those sums are, could we not?

EXCEPTION No. 32

COUNSEL: Yes.

---

Brown v. Moore

---

THE COURT: Who is the Foreman? You might come and take these Issues and you might add the sums up on the back, and then you may confer with your fellow Jurors to determine if that is your verdict, and if so, you may render it.

(To counsel) : Gentlemen, will you stipulate that the expenses cited in Court were as follows: for funeral expenses: $2,121.84; for plot, marker, and interment, $612.00, and for ambulance, $23.00?

COUNSEL: Yes.

THE COURT: If it is agreeable we will just allow them to take these Exhibits to the Jury Room in assisting them in arriving at their figure, if that is agreeable?

MR. BAKER: That is agreeable with us. They have been introduced.

MR. HENSON: That is agreeable with the defendant, Your Honor.

(The Jurors retired to the Jury Room with the Exhibits introduced at the trial.)

At 5:53 p.m., the Jury returned with its verdict as follows:

CLERK: Members of the Jury, you have agreed upon your verdict. You answer the First Issue, 'Yes'; the Second Issue, 'Yes'; and the Third Issue, 'Yes.' You answer the Fourth Issue in the amount of $2,756.84; and the Fifth Issue, 'None.' This is your verdict, so say you all?

SEVERAL JURORS: Yes.

EXCEPTION No. 33"

[1, 2] It is well-settled in this State that a jury may correct an improper verdict. *Lumber Co. v. Lumber Co.*, 187 N.C. 417, 121 S.E. 755 (1924). It is equally well-settled that a motion to set aside a verdict for inadequacy is addressed to the sound discretion of the trial judge. *Hinton v. Cline*, 238 N.C. 136, 76 S.E. 2d 162 (1953). The record here discloses that the trial judge merely allowed the jury to correct an improper verdict on the issue of damages and that counsel for plaintiff assented to the procedure. Furthermore, on this record we cannot say

Golf, Inc. v. Wrecking Contractors

that the trial judge abused his discretion in refusing to set aside the verdict for inadequacy. These assignments of error are not sustained.

We have carefully considered all of plaintiff's assignments of error and find them to be without merit.

In the trial in the Superior Court, we find

No error.

Judges BRITT and CARSON concur.